ERIK K. SWANHOLT, CA Bar No. 198042
  eswanholt@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE:   213.486.0065

Kelsey C. Boehm, (admitted pro hac vice)
  kboehm@foley.com
1400 16TH STREET, STE. 200
DENVER, CO  80202
TELEPHONE:  720.437.2013
FACSIMILE:  720.437.2200

*Attorneys for Defendant Del Monte Foods, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kerstine Bryan, individually and on behalf of all others similarly situated,,<br><br>                              Plaintiff,<br><br>          vs.<br><br>Del Monte Foods, Inc.,<br><br>                              Defendant. | Case No. 23-cv-00865-MMC<br><br>**DEL MONTE FOODS, INC. NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*(Filed concurrently with Declaration of Erik Swanholt and [Proposed] Order Granting Motion to Dismiss)*<br><br>Date:   July 21, 2023<br>Time:  9:00 a.m.<br>Dept.   Courtroom 7<br><br>Judge:  Hon. Maxine M. Chesney<br><br>Case Filed:  February 24, 2023 |

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................... 9

II.   STATEMENT OF THE ISSUES............................................................................ 11

III.  PLAINTIFF'S ALLEGATIONS AND CLAIMS ................................................. 11

IV.  LEGAL STANDARD............................................................................................. 12

     A.    DISMISSAL UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM ........ 12

     B.    DISMISSAL UNDER RULE 12(B)(1) FOR LACK OF STANDING ....................... 13

V.   ARGUMENT .......................................................................................................... 14

     A.    THE COMPLAINT FAILS TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)........................................................................................................... 14

          1.    The Products' Packaging Is Not Materially Deceptive to a Reasonable Consumer.................................................................. 14

          2.    Plaintiff's UCL and FAL Claims Fail Because Plaintiff is Not a California Citizen and Does Not Plausibly Allege Purchase in California .................................................................................... 17

          3.    Plaintiff's UPTA Claim Must Be Dismissed Because Plaintiff Fails to Allege that Del Monte Acted Willfully ............................. 18

          4.    Plaintiff's Unjust Enrichment Claim Fails.................................... 18

          5.    Plaintiff's Consumer Protection Claims Fail Under Rule 9(b)...................... 19

     B.    PLAINTIFF LACKS ARTICLE III STANDING ........................................... 20

          1.    Plaintiffs Do Not Allege A Plausible Economic Injury................................. 21

          2.    Plaintiff Has Not Sufficiently Pled A Risk of Future Harm ........................... 22

          3.    Plaintiff Cannot Show Del Monte's Conduct *Caused* Any Injury ................. 24

          4.    Plaintiffs Do Not Have Standing to Bring Non-Oregon Consumer Protection Law Claims................................................................... 24

          5.    Plaintiff Does Not Have Standing as to Products She Did Not Purchase ................................................................................... 26

VI.  CONCLUSION........................................................................................................ 26

# TABLE OF AUTHORITIES

Cases

*Abogados v. AT&T, Inc.* 223 F.3d 932 (9th Cir. 2000)..................................................................... 25

*Ashcroft v. Iqbal* 556 U.S. 662 (2009) .............................................................................. 12, 13

*Bates v. UPS* 511 F.3d 974 (9th Cir. 2007) ................................................................................ 25

*Birdsong v. Apple, Inc.* 590 F.3d 955 (9th Cir. 2009)..................................................................... 24

*Bly-Magee v. California* 236 F.3d 1014 (9th Cir. 2001) ................................................................. 20

*Boris v. Wal-Mart Stores, Inc.* 35 F. Supp. 3d 1163 (C.D. Cal. 2014)....................................... 13

*Boswell v. Bimbo Bakeries USA, Inc.* No. 20-CV-8923 (JMF), 2021 WL 5144552 (S.D.N.Y. Nov. 4, 2021) ...................................................................................................................... 15, 17

*Brazil v. Dole Food Co., Inc.* No. 12-CV-01831-LHK, 2013 WL 5312418 (N.D. Cal. Sept. 23, 2013) . 24

*Brodsky v. Apple Inc.* 445 F.Supp.3d 110 (N.D. Cal. 2020)........................................................ 18

*Cantrell v. City of Long Beach* 241 F.3d 674 (9th Cir. 2001) ..................................................... 24

*Carrea v. Dreyer's Grand Ice Cream, Inc.* 475 F. App'x 113 (9th Cir. 2012) ......................... 15

*Casey v. Odwalla, Inc.* 338 F. Supp. 3d 284 (S.D.N.Y. 2018) ................................................... 23

*Cheslow v. Ghirardelli Chocolate Co.* 445 F. Supp. 3d 8 (N.D. Cal. 2020) ............................. 16

*Chuang v. Dr. Pepper Snapple Group, Inc.* No. CV 17-01875-MWF, 2017 WL 4286577 (C.D. Cal. Sept. 20, 2017) .................................................................................................................... 19

*Clapper v. Amnesty Int'l USA* 568 U.S. 398 (2013)..................................................................... 22

*Clark v. Westbrae Nat., Inc.* No. 20-CV-03221-JSC, 2020 WL 7043879 (N.D. Cal. Dec. 1, 2020) ....... 17

*Colquitt v. Manufacturers & Traders Tr. Co.* 144 F. Supp. 3d 1219 (D. Or. 2015) .............................. 18

*Dash v. Seagate Tech. (U.S.) Holdings, Inc.* 27 F. Supp. 3d 357 (E.D.N.Y. 2014) ............................. 15

*Davidson* [*v. Kimberly-Clark Corp.* 873 F.3d 1103 (9th Cir. 2017) ....................................... 23

*Davidson v. Kimberly-Clark Corp.* 889 F.3d 956 (9th Cir. 2018)........................................... 14, 22

*Davis v. Powertel, Inc.* 776 So. 2d 971 (Fla. Dist. Ct. App. 2000).......................................... 14

*DeHavilland v. FX Networks, LLC* 21 Cal.App.5th 845 (2018).................................................. 18

*Erickson v. Pardus* 551 U.S. 89 (2007) ................................................................................. 13

*Eshelby v. L'Oreal USA, Inc.* No. 22 CIV. 1396 (AT), 2023 WL 2647958 (S.D.N.Y. Mar. 27, 2023) (dismissing ................................................................................................................... 15

*Fink v. Time Warner Cable* 714 F.3d 739 (2d Cir. 2013) ..................................................... 14

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.* 528 U.S. 167 (2000) ....................... 14, 25

*Ham v. Hain Celestial Grp., Inc.* 70 F. Supp. 3d 1188 (N.D. Cal. 2014) ............................... 22

*Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.* No. 18-CV-06664-BLF, 2020 WL 5910071 (N.D. Cal. Oct. 6, 2020) ...................................................................................................................... 15, 19

*Hernandez v. Burger* 102 Cal. App. 3d 795 (Cal. Ct. App. 1980)........................................... 25

*Hodgers-Durgin v. de la Vina* 199 F.3d 1037 (9th Cir. 1999)............................................... 25

*In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales* Pracs. *& Liab. Litig.* 903 F.3d 278 (3d Cir. 2018) ................................................................................................................... 21, 22

*In re NVIDIA Corp. Sec. Litig.* 768 F.3d 1046 (9th Cir. 2014) ............................................. 13

*In re Tobacco II Cases* 46 Cal. 4th 298 (2009)....................................................................... 20

*Ivie v. Mission Rock Residential LLC* No. 3:21-CV-01122-SB, 2022 WL 2612215 (D. Or. May 27, 2022) ...................................................................................................................... 13, 19

*Jeffrey Katz Chiropratic, Inc. v. Diamond Respiratory Care, Inc.* No. 20-CV-04108-CRB, 2021 WL 5848075 (N.D. Cal. Dec. 9, 2021) ................................................................................. 25

*Jones v. Micron Tech. Inc.* 400 F. Supp. 3d 897 (N.D. Cal. 2019)...................................... 14, 25

*Jones* 400 F. Supp. ............................................................................................................... 25

*Kane v. Chobani, Inc.* No. 12-CV-02425-LHK, 2013 WL 5289253 (N.D. Cal. Sept. 19, 2013) ............ 26

*Kearns v. Ford Motor Co.* 567 F.3d 1120 (9th Cir. 2009) ......................................... 13, 19, 20

*Klein v. Facebook, Inc.* 580 F. Supp. 3d 743 (N.D. Cal. 2022)............................................. 18

*Lewis v. Casey* 518 U.S. 343 (1996) .................................................................................... 25

*Lisowski v. Henry Thayer Co., Inc.* 501 F. Supp. 3d 316 (W.D. Pa. 2020)........................... 14

*Luedeman v. Tri-W. Const. Co.* 39 Or. App. 401, 592 P.2d 281 (1979)................................. 18

*Lujan Defenders of Wildlife* 504 U.S. 555 (1992) ......................................................... 13, 14

*Luskin's, Inc. v. Consumer Prot. Div.* 353 Md. 335 (1999) .................................................. 14

*Mancuso v. RFA Brands, LLC* 454 F. Supp. 3d 197 (W.D.N.Y. 2020)....................................................... 23

*Mazella v. Coca-Cola Co*. 548 F. Supp. 3d 349 (S.D.N.Y. 2021)............................................................. 15

*Mazza v. Am. Honda Motor Co.* 666 F.3d 581 (9th Cir. 2012) ..................................................... 12, 24, 25

*McGee v. S-L Snacks Nat'l* 982 F.3d 700 (9th Cir. 2020) ................................................................... 21, 22

*Meridian Project Sys., Inc. v. Hardin Const. Co., LLC* 404 F. Supp. 2d 1214 (E.D. Cal. 2005)....... 19, 20

*Miller v. Am. Fam. Publishers* 284 N.J. Super. 67 (Ch. Div. 1995).......................................................... 14

*Moore v. Kayport Package Exp., Inc.* 885 F.2d 531 (9th Cir. 1989)......................................................... 20

*Moore v. Trader Joe's Co.* 4 F.4th 874 (9th Cir. 2021) .............................................................................. 16

*Moore* 966 F.3d............................................................................................................................................ 17

*Murphy v. Stonewall Kitchen, LLC* 503 S.W.3d 308 (Mo. Ct. App. 2016)................................................ 14

*Nacarino v. Chobani, LLC* No. 20-CV-07437-EMC, 2021 WL 3487117 (N.D. Cal. Aug. 9, 2021) ...... 15

*Nacarino v. KSF Acquisition Corp*. No. 22-CV-04021-MMC, 2022 WL 17178688 (N.D. Cal. Nov. 23, 2022) ......................................................................................................................................................... 19, 22

*Naimi v. Starbucks Corp..* 798 F. App'x 67 (9th Cir. 2019) ................................................................ 21, 24

*Nelson v. MillerCoors, LLC* 246 F. Supp. 3d 666 (E.D.N.Y. 2017).......................................................... 15

*Neubronner v. Milken* 6 F.3d 666 (9th Cir. 1993) ..................................................................................... 20

*Nicosia v. Amazon.com, Inc.* 834 F.3d 220 (2d Cir. 2016)....................................................................... 23

*Podpeskar v. Dannon Co., Inc.* No. 16-CV-8478 (KBF), 2017 WL 6001845 (S.D.N.Y. Dec. 3, 2017) . 17

*Salmon Spawning & Recovery All. v. Gutierrez* 545 F.3d 1220 (9th Cir. 2008)....................................... 24

*Schmier v. U.S. Ct. of Appeals for Ninth Cir.* 279 F.3d 817 (9th Cir. 2002)............................................. 24

*Semegen v. Weidner* 780 F.2d 727 (9th Cir. 1985).................................................................................... 13

*Silva v. Unique Beverage Co., LLC* No. 3:17-CV-00391-HZ, 2017 WL 2642286 (D. Or. June 15, 2017) ....................................................................................................................................................................... 18

*Song v. Champion Petfoods USA, Inc.* 27 F.4th 1339 (8th Cir. 2022) (applying Minnesota law) ........... 14

*State v. Mandatory Poster Agency, Inc*. 199 Wash. App. 506 (2017) ....................................................... 14

*Twohig v. Shop-Rite Supermarkets, Inc.* 519 F. Supp. 3d 154 (S.D.N.Y. 2021)....................................... 15

*United States v. United Healthcare Ins. Co.* 848 F.3d 1161 (9th Cir. 2016)............................................. 13

*Vess v. Ciba-Geigy Corp*. USA 317 F.3d 1097 (9th Cir. 2003) .................................................. 19

*Vitort v. Kroger Co.* is instructive. No. 22-35185, 2023 WL 3143690 (9th Cir. Apr. 28, 2023) ............. 16

*Williams* 552 F.3d .................................................................................................................. 17

*Wilson v. Frito-Lay N. Am., Inc*. 961 F. Supp. 2d 1134 (N.D. Cal. 2013).................................... 17, 21, 26

*Workman* 141 F. Supp.......................................................................................................... 17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on July 21, 2023, at 9:00 a.m., Defendant Del Monte Foods, Inc. ("Del Monte") will, and hereby does, move this Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, for an order dismissing the Complaint filed by Plaintiff Kerstine Bryan ("Plaintiff") with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for the following reasons:

1.      All of Plaintiff's claims fail as a matter of law because a reasonable consumer cannot be misled by the labels of Del Monte's products. (Counts I–V.)

2.      Plaintiff lacks Article III standing because Plaintiff has not sufficiently pled a risk of future harm, and lacks standing to pursue claims regarding unpurchased products. As such, Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction. (Counts I–V.)

3.      Plaintiff lacks standing for her claim for injunctive relief because Plaintiff cannot allege a certainly impending injury, particularly where she is are now on notice regarding the Products' disclaimers (Counts I–V.)

4.      Plaintiff lacks standing to bring claims pursuant to non-Oregon consumer protection laws. (Counts I-II, V.)

5.      Plaintiff's state law claims (Count I–III, V)—all of which are grounded in fraud—fail as a matter of law because the allegations do not meet the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure.

6.      Plaintiff's Oregon Unlawful Trade Practices Act claim fails because Plaintiffs do not allege that Del Monte acted willfully. (Count III.)

Plaintiff's unjust enrichment claim fails because there is no cause of action for unjust enrichment under California law and because Plaintiff fails to allege that she lacks an adequate remedy at law. (Count IV.)

Del Monte's Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Proposed Order, accompanying materials, the pleadings and records on file in this action and such additional authority and argument as may be presented at the hearing on this Motion.

1

2

3    DATED:  June 2, 2023

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOLEY & LARDNER LLP**
Erik K. Swanholt



/s/ Erik K. Swanholt
Erik K. Swanholt
Attorneys for Defendant, Del Monte Foods, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This is yet another of the ever-growing genre of "deceptive" food labeling putative class actions brought in California where the label in question is entirely accurate and not deceptive. In the wide-ranging Class Action Complaint ("Compl."), Plaintiff Kerstine Bryan asserts that she bought Del Monte food products in Oregon (Mango Chunks and Peach Chunks) (the "Products" or "refrigerated fruit cups") with "deceptive" labels that claimed the Products were "natural" through its use of Del Monte's "fruit naturals®" trademark.  First, the Products at issue have not used the "fruit naturals®" trademark since 2020 and instead have a flag on the top right corner that reads "new look for fruit naturals" (see Complaint and below).  This reference tool for the prior version of the label has been on the shelves long before Plaintiff purportedly bought a "fruit naturals®" trademarked product in 2023; in short, the Complaint is simply wrong on that front.  Moreover, the Complaint ignores the fact the Products' front label specifically discloses that the fruit chunks are "in extra light syrup" and that the Products' ingredients' label contains a list of ingredients (including artificial ingredients).  Despite these clear statements, Plaintiff brings suit alleging the violation of over a dozen state false advertising laws for *any* Del Monte refrigerated fruit cup product or similarly marketed product (whether she purchased it or not). Plaintiff alleges that, despite valuing products without artificial ingredients, she did not read enough of the labels on the Products to find the conspicuous statement, directly below the "new look for fruit naturals" statement, that the fruit in the product is packed in syrup and/or the ingredients list disclosing that the Products contain the artificial ingredients.  This claim strains credulity. Compl. ¶ 6 (pictured left); Swanholt Decl. Ex. A (pictured right):

1
2
3
4
5
6
7
8
9
10
11




12   Plaintiff does not claim that she consumed the products or that she was physically harmed in any

13   way. Instead, she alleges that she was damaged because she paid a "premium" price for the products but

14   fails in any way to allege that comparable products without artificial ingredients exist, or, to the extent

15   those products exist, the price of Del Monte's products is a "premium" price compared to such other

16   products due to its use of the "new look for fruit naturals" statement (or, even if a premium price for the

17   products exists, that there is not some other reason for the premium price, like higher quality

18   ingredients). As a result, Plaintiff's Complaint lacks any basis to find that Plaintiff was harmed in any

19   way.

20   In addition to a lack of harm generally, Plaintiff cannot credibly claim any future harm from Del

21   Monte's products identified in the Complaint because she clearly knows now what the labels made clear

22   all along – that the Products contain syrup with synthetic ingredients. As a result, Plaintiff's claim for

23   injunctive or future relief suffers the same fate as her backward-looking claims.

24   Because the labels are not misleading, Plaintiff's consumer law claims should be dismissed

25   (Counts I, II, III, V). Further, because Plaintiff has not been injured in any way, she lacks standing under

26   any state's laws to bring these claims. Plaintiff also lacks standing of any kind to bring claims under the

27   laws of states where she does not reside and did not purchase any products just as she lacks standing to

28   bring claims relating to products they never purchased. For these and the other reasons set forth below,

1   Plaintiff's Complaint should be dismissed with prejudice.

2   **II.    STATEMENT OF THE ISSUES**

3       A statement of the key issues to be decided by this Motion include:

4           •   Is it likely that a reasonable consumer is misled by the Products' labels?

5           •   Has Plaintiff sufficiently pled a risk of future harm?

6           •   Does Plaintiff have standing to allege claims relating to Products that she never

7              purchased?

8           •   Does Plaintiff have standing to bring claims pursuant to non-Oregon consumer

9              protection laws?

10          •   Has Plaintiff alleged her fraud-based claims with requisite particularity?

11          •   Has Plaintiff alleged that Del Monte acted willfully?

12          •   Is there an independent cause of action for unjust enrichment under California

13             law?

14  **III.   PLAINTIFF'S ALLEGATIONS AND CLAIMS**

15      Plaintiff Kerstine Bryan alleges that she purchased two Del Monte products—Mango Chunks

16  and Peach Chunks—in Oregon in January 2023. (Compl. ¶ 20.a.)[1] Plaintiff purports to assert claims

17  relating to any Del Monte refrigerated fruit cup food product or similarly marketed product (the

18  "Products"). (*Id.* ¶ 1.) Plaintiff asserts that she and the proposed class "value natural products for

19  important reasons, including the belief that they are safer and healthier than alternative products" and

20  "relied on Defendant's misrepresentations that the Products are 'natural' when purchasing the Products."

21  (Compl. ¶¶ 12, 27.) Despite Plaintiff's claimed interest purchasing natural products without synthetic

22  ingredients and her purported review and reliance on the Products' labels, Plaintiff fails to acknowledge

23  the Products labels' syrup disclosure and disclaims any ability to understand and read the Products'

24  ingredient labels. (Compl. ¶¶ 51-53.)

25      Plaintiff does not allege that she consumed any of the Products or experienced any ill effects

26  from consuming the Products or the synthetic ingredients within. *See generally id.* Instead, Plaintiff

27

28  [1] While Plaintiff's Complaint contains a single conclusory reference to product purchases in California (*id.* ¶ 20), Plaintiff's counsel has conceded that that reference was a typographical error. (Declaration of Erik Swanholt, hereafter "Swanholt Decl. ¶ 3.)

identifies various purported "effects" of ingesting certain synthetic ingredients, some of which are not even contained in the Products purchased by Plaintiff. (*Id.* ¶ 50; Swanholt Exs. A and B.) Even though Plaintiff and the proposed class are now clearly on notice of the Products' labels and how to properly read them, they include a boilerplate allegation that the labels are "likely to continue to deceive and mislead reasonable consumers" in a failed effort to support her request for injunctive relief. (*Id.* ¶ 60.)

Relevant to these speculative allegations, Plaintiff purports to bring claims not just on behalf of those who purchased Products in Oregon, but also on behalf a nationwide class and a multi-state class under a dozen states' consumer protection statutes. (*Id.* ¶ 69.) And she purports to bring claims not just for the Products she allegedly purchased, but also for *any* similarly marketed Del Monte "food products." (*Id.* ¶¶ 1, 69.) For a variety of reasons, Plaintiff cannot sustain her claims as plead, individually or as a class action, be it nationwide or in Oregon or California (as explained in greater detail below). *See e.g., Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, No. 19-56514, 2022 WL 1053459 (9th Cir. Apr. 8, 2022) (where plaintiffs proposed California consumer-protection law should apply to the claims of all putative class members nationwide because the alleged wrongdoing supposedly emanated from that state, the Ninth Circuit held this would contravene fundamental principles of federalism by ignoring the materially different consumer protection laws of the other states where the challenged transactions actually occurred).

## IV.   LEGAL STANDARD

### A.   DISMISSAL UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 677. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Determining whether a complaint survives a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft,* 556 U.S. at 679. In making this context-specific evaluation, this Court must construe the complaint in the light most favorable to the plaintiffs and accept as true the well-pleaded factual allegations of the complaint. *See Erickson v. Pardus,* 551 U.S. 89, 93–94 (2007). However, this presumption does not apply to "a legal conclusion couched as a factual allegation." *Bell Atl. Corp.,* 550 U.S. at 555. While the Court is limited to the complaint's factual allegations, it may consider documents attached to or incorporated by the pleading or information judicially noticeable. *See In re NVIDIA Corp. Sec. Litig.,* 768 F.3d 1046, 1051 (9th Cir. 2014).

When fraud, or claims sounding in fraud are alleged, "a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir. 2009). Thus, Rule 9(b)'s heightened pleading standard applies for violations of the UCL, FAL, and UTPA where, as here, such claims are grounded in fraud. *Id.*; *Boris v. Wal-Mart Stores, Inc.,* 35 F. Supp. 3d 1163, 1174 (C.D. Cal. 2014) ("Rule 9(b) applies to claims under California's consumer protection statutes when such claims are 'grounded in fraud' or 'sound in fraud.'" (internal citation omitted)); *Ivie v. Mission Rock Residential LLC*, No. 3:21-CV-01122-SB, 2022 WL 2612215, at *12 (D. Or. May 27, 2022) (Rule 9(b) applies to Oregon UTPA claims sounding in fraud). To satisfy Rule 9(b), allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). This includes "the who, what, when, where, and how of the misconduct charged, including what is false or misleading about a statement, and why it is false." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (internal citations and quotation marks omitted).

## B.   DISMISSAL UNDER RULE 12(B)(1) FOR LACK OF STANDING

Article III limits the jurisdiction of federal courts to "cases" and "controversies," which is delineated by the doctrine of standing. *Lujan Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must first have suffered an "injury in fact" which is "concrete and particularized" as well as "actual or imminent, not conjectural or hypothetical." *Id.* (citations omitted).

Second, the injury must be "fairly traceable to the challenged action of the defendant . . . ." *Id.* (citations and alterations omitted). Finally, it must be "likely" that the "injury will be redressed by a favorable decision." *Id.* (citations omitted). The plaintiff has the burden to establish these elements. *Id.* Further, "[a] plaintiff must demonstrate constitutional standing separately for each form of relief requested." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 185 (2000)).

## V.    ARGUMENT

### A.    THE COMPLAINT FAILS TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

#### 1.    The Products' Packaging Is Not Materially Deceptive to a Reasonable Consumer

Plaintiff's state consumer protection claims[2] fail because Plaintiff cannot allege that the Products' packaging would mislead a reasonable consumer. *See* Compl. Counts I and II (California UCL and FAL); III (Oregon UTPA); and V (state consumer protection statutes from a dozen states). All relevant states' consumer protection statutes apply a reasonable consumer standard.[3] Courts may determine at the Rule 12 stage that a "reasonable consumer theory is not plausible as a matter of law."[4] *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) ("It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a

---

[2] Plaintiff purportedly brings Count V for violations of multiple states' consumer law protection statutes (Compl. ¶¶ 116-120) and Counts I and II for violations of California consumer protection statutes. As explained in Section IVB, Plaintiff does not have standing to bring consumer protection claims under California, Florida, Illinois, Maryland, Massachusetts, Minnesota, Missouri, New Jersey, New York, Pennsylvania, and Washington law because no Plaintiff allegedly purchased Products in these states. *See Jones v. Micron Tech. Inc.,* 400 F. Supp. 3d 897, 908, 909 (N.D. Cal. 2019) ("Plaintiffs must show they have standing for each claim they raise and [they] do not have standing to bring claims under the laws of states where they have alleged no injury, residence or other pertinent connection"). Even if Plaintiff had standing, which she does not, her claims fail as a matter of law because she does not allege that the laws of the various named states are materially similar to the law of Oregon. *See, e.g.* Carolyn L. Carter, Consumer Protection In The States: A 50 State Report on Unfair and Deceptive Act And Practices Statutes, 1-29 (Nat'l Consumer L. Ctr., ed., 2009).

[3] *See Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. Dist. Ct. App. 2000); *Luskin's, Inc. v. Consumer Prot. Div.*, 353 Md. 335, 365 (1999); *Murphy v. Stonewall Kitchen, LLC*, 503 S.W.3d 308, 312 (Mo. Ct. App. 2016); *Miller v. Am. Fam. Publishers*, 284 N.J. Super. 67, 83 (Ch. Div. 1995); *State v. Mandatory Poster Agency, Inc*., 199 Wash. App. 506, 518 (2017); *Song v. Champion Petfoods USA, Inc.*, 27 F.4th 1339, 1343 (8th Cir. 2022) (applying Minnesota law); *Lisowski v. Henry Thayer Co., Inc.*, 501 F. Supp. 3d 316, 335 (W.D. Pa. 2020).

[4] Because Plaintiff asserts claims under twelve states' consumer protection law, this motion and memorandum in support incorporates substantive law from various states identified by Plaintiff.

reasonable consumer."); *accord Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154, 160-61 (S.D.N.Y. 2021) (dismissing claims asserted under New York consumer protection statute on a Rule 12 motion and explaining that "it is well settled that a court may determine as a matter of law that an allegedly deceptive [practice] would not have misled a reasonable consumer" (quotation marks omitted)); *Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*, No. 18-CV-06664-BLF, 2020 WL 5910071, at *13, *19-20 (N.D. Cal. Oct. 6, 2020) (plaintiffs "failed to plausibly allege that a reasonable consumer would believe that the Products labeled natural are free of any trace pesticides whatsoever").

Under the "reasonable consumer" standard, plaintiffs must plausibly allege that the label is "materially deceptive or misleading 'to a reasonable consumer acting reasonably under the circumstances.'" *Dash v. Seagate Tech. (U.S.) Holdings, Inc.*, 27 F. Supp. 3d 357, 360 (E.D.N.Y. 2014); *see also Mazella v. Coca-Cola Co.*, 548 F. Supp. 3d 349, 356 (S.D.N.Y. 2021) (considering materially misleading element given the New York Court of Appeals' objective definition of 'misleading' in issues of consumer confusion); *Nacarino v. Chobani, LLC*, No. 20-CV-07437-EMC, 2021 WL 3487117, at *4 (N.D. Cal. Aug. 9, 2021).

Courts may "consider the viability of the alleged consumer law claims based on its review of the product packaging" in a motion to dismiss. *See Boswell v. Bimbo Bakeries USA, Inc.*, No. 20-CV-8923 (JMF), 2021 WL 5144552, at *4 (S.D.N.Y. Nov. 4, 2021) (finding that a reasonable consumer "would know exactly where to look" when evaluating a product's ingredients). This includes "the presence of a disclaimer or similar clarifying language [that] may defeat a claim of deception." *Nelson v. MillerCoors, LLC,* 246 F. Supp. 3d 666, 674 (E.D.N.Y. 2017).

As a matter of law, disclaimers "cure allegedly misleading representations on the front of packaging" unless "the alleged misrepresentation is clearly stated and the disclaimer is exceedingly vague or requires consumers to make inferences." *Id.* at 675. No "reasonable consumer" is misled where the label itself dispels the claimed deception, particularly when clarifying language accompanies the allegedly misleading claim. *Id.* (dismissing under "reasonable consumer" standard even where disclaimer was not featured on main label); *Carrea v. Dreyer's Grand Ice Cream, Inc.,* 475 F. App'x 113, 115 (9th Cir. 2012) (affirming dismissal under "reasonable consumer" standard where information "adjacent to" the challenged language discredited plaintiff's theory of deception); *Eshelby v. L'Oreal*

1  *USA, Inc.,* No. 22 CIV. 1396 (AT), 2023 WL 2647958, at *4 (S.D.N.Y. Mar. 27, 2023) (dismissing

2  claim based on representation on front product label under "reasonable consumer" standard because a

3  consumer that cared about that representation could review full packaging for disclaimer, which was

4  provided).

5         The Ninth Circuit's recent decision in *Vitort v. Kroger Co.* is instructive. No. 22-35185, 2023

6  WL 3143690, at *1 (9th Cir. Apr. 28, 2023). In *Vitort*, plaintiff asserted violation of Oregon's UTPA

7  based on defendant's product label stating "Just Fruit" when the product contained fruit-based

8  sweeteners, such as fruit syrup and citric acid (similar to the Products in this case). In *Vitort*, the court

9  held that a reasonable consumer would not interpret the representation "Just Fruit" on a spreadable fruit

10  product to mean that the product did not contain any added sweeteners because spreadable fruit products

11  tend to contain added sugars. *Id.* at *2 (citing *Moore v. Trader Joe's Co.*, 4 F.4th 874, 883–85 (9th Cir.

12  2021)). Here too, the representation must be interpreted taking into account the general characteristics of

13  the relevant products. The single-serve fruit Products at-issue here are fruit chunks in syrup. The general

14  characteristics of such products include: (i) fruit chunks, and (ii) a packing medium that includes

15  artificial sweeteners and preservatives.

16         Regardless of how a consumer might interpret the characteristics of the Products at issue, the

17  front label specifically disclaims that all ingredients in the Products are natural by stating that the fruit is

18  packed in light syrup, and the ingredients label discloses the artificial ingredients. *Cheslow v.*

19  *Ghirardelli Chocolate Co*., 445 F. Supp. 3d 8, 20 (N.D. Cal. 2020) ("District courts also recognize that

20  where the actual ingredients are disclosed, a plaintiff may not ignore the ingredient list."). Plaintiff's

21  conduct, as alleged, is not that of a reasonable consumer acting reasonably under the circumstances.

22  Plaintiff insists that she wants to avoid products containing artificial ingredients and that she read in

23  relied on the "new look for fruit naturals" statement when purchasing the Products but failed to read the

24  immediately adjacent disclaimer language ("syrup") and ingredients label that specifically discloses the

25  same ingredients that Plaintiff now complains of. *Compare* Compl. ¶ 50 *with* Swanholt Decl. Ex. A.

26  Any reasonable consumer[5] concerned about the type or form of fruit in the Products would simply read

27

28  ──────────────
[5] Plaintiff's reliance on various outdated governmental agency "draft guidance" and "warnings" are
irrelevant to the Court's reasonable consumer analysis. *See* Compl. ¶¶ 34-38; *see also In re Frito-Lay N.*

the ingredient label, which fully discloses the type and form of the ingredients. *See Workman*, 141 F. Supp. at 1035–36 ("[R]easonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging.") (quoting *Williams*, 552 F.3d at 939); *Boswell*, 2021 WL 5144552, at *4 (A reasonable consumer that wants to avoid artificial or synthetic ingredients "would know exactly where to look."). In short, "if common sense would not lead anyone to be misled, then the claim may be disposed of at a motion to dismiss stage." *Moore*, 966 F.3d at 1018. Common sense requires dismissal here.[6]

## 2.   Plaintiff's UCL and FAL Claims Fail Because Plaintiff is Not a California Citizen and Does Not Plausibly Allege Purchase in California

Plaintiff's California consumer protection law claims (Counts I and II) fail for an additional reason: Plaintiff has not plausibly alleged any purchase that occurred in California. Plaintiff is a citizen of Oregon who purchased Del Monte Products "at retailers throughout Oregon[,]" including, most recently from a Walmart store in Salem, Oregon. (Compl. ¶ 20.) While Plaintiff's Complaint contains a single cursory reference to purchases that "took place in California" (*id.*), Plaintiff's counsel confirmed that that reference was a typo. (Swanholt Decl. ¶ 3.) Non-California residents' UCL and FAL claims "are not supported 'where none of the alleged misconduct or injuries occurred in California.'" *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1147 (N.D. Cal. 2013) (collecting cases). Like the plaintiff in *Wilson*, "there is no plausible way for a non-California citizen who purchased Defendant's Products outside California to bring [UCL and FAL] claims." *Id.* at 1148; *see also Northwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th (1999) (holding that the trial court erred in finding UCL claims applied to Category III

---

*Am., Inc. All Nat. Litig.*, No. 12-MD-2413 RRM RLM, 2013 WL 4647512, at *10 (E.D.N.Y. Aug. 29, 2013) (FDA non-binding guidance does not have the force of law); *Podpeskar v. Dannon Co., Inc.*, No. 16-CV-8478 (KBF), 2017 WL 6001845 (S.D.N.Y. Dec. 3, 2017) (noting FDA policy was "informal" and non-binding). The FDA commentary is silent as to clarifying language's effect on a "reasonable consumer," including the type that appears plainly here on the Products' labels. *See Clark v. Westbrae Nat., Inc.*, No. 20-CV-03221-JSC, 2020 WL 7043879, at *4 (N.D. Cal. Dec. 1, 2020) (rejecting plaintiffs' reliance on FDA regulations as having no bearing on reasonable consumer analysis).

[6] To the extent Plaintiff argues that she also purchased Del Monte's refrigerated fruit cup product in 2020 and before when it still had the fruit naturals® trademark, the claim still fails as the "in extra light syrup" language was still present, as was the ingredient list including reference to synthetic ingredients. Moreover, the trademarked language is not a "claim" about the contents of the Products and reasonable consumers know the difference.

members: non-California residents for whom Northwest Management's purchasing occurred in states outside of CA). Plaintiff's first and second causes of action should be dismissed accordingly.

### 3. Plaintiff's UPTA Claim Must Be Dismissed Because Plaintiff Fails to Allege that Del Monte Acted Willfully

"To state a claim under the UTPA Plaintiff must allege: (1) a violation of § 646.608(1), (2) causation, (3) damages, and (4) willfulness by Defendant." *Colquitt v. Manufacturers & Traders Tr. Co.,* 144 F. Supp. 3d 1219, 1231 (D. Or. 2015) (dismissing UPTA claim when plaintiff failed to allege that defendant acted willfully). Plaintiff's Complaint is devoid of any factual allegations demonstrating that Del Monte acted willfully to deceive by including its "new look for fruit naturals" statement on the Products and instead conclusorily alleges willfulness. *See, e.g.,* Compl. ¶ 102 ("Due to the conduct described herein, Defendant willfully…employed a method or practice declared unlaw under the UTPA"); ¶ 104 ("Defendant's violations were willful"); ¶ 105 ("As a result of Defendant's willful…violations of the UTPA as described above"). When a plaintiff "refers to previous allegations and asserts in conclusory fashion that Defendant willfully" violated the UPTA, dismissal is proper. *Silva v. Unique Beverage Co., LLC,* No. 3:17-CV-00391-HZ, 2017 WL 2642286, at *9 (D. Or. June 15, 2017) (dismissing UPTA claim based on coconut beverage label; observing, *inter alia,* that defendant's use of the word "natural" on the front of the label is in compliance with regulations); *see also Luedeman v. Tri-W. Const. Co.*, 39 Or. App. 401, 404, 592 P.2d 281, 282 (1979) (district court erred in not allowing defendant's demurrer to the complaint for failure to allege willfulness). Plaintiff's failure to allege any facts demonstrating that Del Monte acted willfully requires dismissal of Plaintiff's UPTA claim.

### 4. Plaintiff's Unjust Enrichment Claim Fails

In her fourth cause of action, Plaintiff purports to allege a claim for unjust enrichment. The claim fails. First, California does not recognize a separate cause of action for unjust enrichment. *DeHavilland v. FX Networks, LLC,* 21 Cal.App.5th 845, 870 (2018) ("Unjust enrichment is not a cause of action."); *Klein v. Facebook, Inc.,* 580 F. Supp. 3d 743, 829 (N.D. Cal. 2022) (collecting cases). "[C]ourts have consistently dismissed standalone claims for unjust enrichment." *Brodsky v. Apple Inc.*, 445 F.Supp.3d 110, 132 (N.D. Cal. 2020). While unjust enrichment may be asserted in equity, such claims are still subject to dismissal where, as here, the plaintiff fails to plausibly allege that they lack an adequate

1    remedy at law. *Nacarino v. KSF Acquisition Corp.*, No. 22-CV-04021-MMC, 2022 WL 17178688, at *8

2    (N.D. Cal. Nov. 23, 2022) (internal citation omitted).

3        Second, Plaintiff's unjust enrichment claim is based on the same misguided theory of consumer

4    deception as the FAL and UCL claims, and therefore also fails for the same reasons as those other

5    claims. *See Yu v. Dr Pepper Snapple Group, Inc.*, No. 18-cv-06664-BLF, 2020 WL 5910071, at *7

6    (N.D. Cal. Oct. 6, 2020) (dismissing plaintiff's unjust enrichment claim asserted on behalf of a

7    nationwide class); *Chuang v. Dr. Pepper Snapple Group, Inc.*, No. CV 17-01875-MWF, 2017 WL

8    4286577, at *8 (C.D. Cal. Sept. 20, 2017) (dismissing unjust enrichment claim that was based on the

9    same fruit product labeling conduct that provided the basis for plaintiff's UCL and FAL claims).

10       ### 5.    **Plaintiff's Consumer Protection Claims Fail Under Rule 9(b)**

11       Plaintiff's state consumer protection claims fail to adequately allege that Del Monte made an

12   actionable "deceptive," "misleading," or "fraudulent" representation and thus fail to state claims for

13   fraud under the relevant consumer protection statutes. *See, e.g.,* Counts I-III and IV. Rule 9(b)'s

14   heightened pleading requirements apply to state consumer protection claims, including California and

15   Oregon's, when those claims are grounded in fraud. *See, e.g., Kearns v. Ford Motor Co.*, 567 F.3d 1120,

16   1125 (9th Cir. 2009) (rejecting plaintiff's argument that Rule 9(b) does not apply to claims under

17   California's consumer protection statutes grounded in fraud); *Vess v. Ciba-Geigy Corp.* USA, 317 F.3d

18   1097, 1103–04 (9th Cir. 2003) (rejecting California state law plaintiff's argument that he was not

19   required to state his claim with particularity under Federal Rule 9(b) where UCL claim was "grounded

20   in fraud"); *Ivie v. Mission Rock Residential LLC*, No. 3:21-CV-01122-SB, 2022 WL 2612215, at *12

21   (D. Or. May 27, 2022) (Rule 9(b) applies to Oregon UTPA claims sounding in fraud).[7]

22       To satisfy the heightened pleading requirements of Rule 9(b), a plaintiff must describe the "who,

23   what, where, when and how" of the defendant's alleged misrepresentations. *Meridian Project Sys., Inc.*

24   *v. Hardin Const. Co., LLC,* 404 F. Supp. 2d 1214, 1221 (E.D. Cal. 2005) (dismissing plaintiff's UCL

25   claim where plaintiff failed to plead the claim with requisite particularity because plaintiff did not

26

27   _____

28   [7] The Complaint's allegations establish that Plaintiff's purported claims sound in fraud. *See, e.g.*, ¶¶ 83 ("Defendant violated the 'fraudulent' prong of the UCL"); 102 ("Defendant willfully, knowingly, and recklessly used and employed a method or act or practice declared unlawful under the UTPA"); Relief Demanded (seeking punitive damages).

"describe the who, what, where, when and how" of the alleged misrepresentations). "[M]ere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 540 (9th Cir. 1989). Moreover, for UCL, FAL, and UPTA claims subject to the 9(b) heightened pleading standards, a plaintiff must actually be exposed to the alleged misleading statements, must have relied on the alleged misleading statements, and must have suffered injury as a result. *See In re Tobacco II Cases,* 46 Cal. 4th 298, 303 (2009) (holding that named plaintiff must plead actual reliance to have standing under UCL). Where the complaint "alleges a unified fraudulent course of conduct, [all] claims against [the defendant] are grounded in fraud [and the] entire complaint must therefore be pleaded with particularity." *Kearns*, 567 F.3d at 1127 (affirming dismissal of complaint and "no error was committed by not separately analyzing his claims").

Plaintiff's claims fail to satisfy these requirements. Plaintiff only offers cursory allegations that Defendant's misrepresentations were willful and knowing, but offers no specific allegations supporting those legal conclusions. *See id.* ¶¶ 83, 102, 104, Relief Demanded (seeking punitive damages).

Moreover, Plaintiff cannot possibly plead that she was defrauded by the labels on Products that she never saw or bought. Compl. ¶ 1, n. 1 *with* Compl. ¶ 20. *Id.* ¶ 30. Plaintiff's allegations fail to satisfy the 9(b) requirement that fraud allegations "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns,* 567 F.3d at 1125 (citing *Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001) and *Neubronner v. Milken,* 6 F.3d 666, 671 (9th Cir. 1993)).

The failure to identify all relevant Products is also a failure to plead the consumer claims with requisite particularity that merits dismissal as a matter of law. The identification of allegedly misleading products is essential to alleging the "who, what, where, when and how" of their claims. *Meridian Project Sys., Inc,* 404 F. Supp. 2d at 1221. Because Plaintiff's claims include unidentified and unpurchased products, Plaintiff fails to plead her claims plausibly and with requisite particularity and their consumer statutory fraud claims must be dismissed.

### B.    PLAINTIFF LACKS ARTICLE III STANDING

The Court should dismiss the Complaint for lack of subject matter jurisdiction because Plaintiff pleads no facts to establish constitutional standing for her alleged claims against Del Monte. And

looking beyond the Complaint, as is proper on a motion under Rule 12(b)(1), Plaintiff cannot plead facts to establish constitutional standing.

### 1.    Plaintiffs Do Not Allege A Plausible Economic Injury

Plaintiff pleads no facts establishing an economic injury that confers Article III standing. *See, e.g., McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 705 n.3 (9th Cir. 2020) ("Private-plaintiff actions specifically require economic injury"). Consumer protection claims require allegations of concrete injury to establish standing, and "[i]gnoring these basic legal rules would invite lawsuits by all manner of plaintiffs who could simply troll grocery stores and the Internet looking for any food product that might form the basis of a class-action lawsuit." *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1143-44 (N.D. Cal. 2013). "Surely that is not the point of these consumer protection laws." *Id.*

"[P]laintiff must do more than offer conclusory assertions of economic injury in order to establish standing" and "must allege facts that would permit a factfinder to value the purported injury at something more than zero dollars without resorting to mere conjecture." *See In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales* Pracs*. & Liab. Litig.*, 903 F.3d 278, 285 (3d Cir. 2018). Plaintiff alleges that she and the unnamed class members "purchased, purchased more of, and/or paid more for, the Products than they would have had they known the truth about the Products"[8], but fail to identify any similar fruit products on the market that do not contain artificial ingredients or charge different prices. (Compl. ¶¶ 63-65.) Plaintiff does not plead any viable theory of overpayment or price premium, because she does not plausibly allege she would have purchased a cheaper alternative, or that the Products' market value would have been less had the challenged representations been altered or omitted. In fact, Plaintiff does not even identify the price that she paid for the products. Such allegations are insufficient. *Naimi v. Starbucks Corp.*. 798 F. App'x 67, 70 (9th Cir. 2019) (holding that plaintiffs failed to adequately allege a cognizable injury based on price premium when plaintiffs did not allege how much they paid for the product, how much they would have paid for it absent the alleged deception, or any other details regarding price premium).

The holding in *McGee* is instructive. 982 F.3d at 706. In that case, plaintiff brought a putative

---

[8] Which, again, is a puzzling claim because the label clearly states that the Products contain artificial ingredients.

class action alleging violations of state consumer protection laws and breach of implied warranties of merchantability against Pop Secret brand popcorn. *Id.* at 703. Plaintiff alleged that the presence of partially hydrogenated oils ("PHOs") as an ingredient in Pop Secret was an unsafe food additive that causes heart disease, diabetes, cancer, and other ailments. *Id.* The Ninth Circuit affirmed dismissal of all claims based on a lack of constitutional Article III standing. *Id.* The *McGee* plaintiff failed to allege an economic injury. *Id.* at 706. "Although [plaintiff] may have assumed that Pop Secret contained only safe and healthy ingredients, her assumptions were not included in the bargain, particularly given the labeling disclosure that the product contained artificial trans fat." *Id.* A plaintiff must do more than allege that she "did not receive the benefit she *thought* she was obtaining." *Id.* (emphasis in original). "The plaintiff must show that she did not receive a benefit for which she actually *bargained*." *Id.* (emphasis in original).

The same is true here. The Products contain a distinct disclaimer on the front of the Products' packaging regarding the use of syrup and a specific list of ingredients, including artificial ingredients, on the ingredient label. Plaintiff's incorrect assumptions regarding use of the trademark "fruit naturals®" contradict the plain labels on the Products and thus the express benefit for which they actually bargained. Because Plaintiffs have not alleged economic injury, their claims must be dismissed.

### 2.    Plaintiff Has Not Sufficiently Pled A Risk of Future Harm

Plaintiff cannot plausibly allege she will be misled by the Products in the future and has not plead facts establishing any entitlement to injunctive relief. "A plaintiff must demonstrate constitutional standing separately for each form of relief requested." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). For injunctive relief, a prospective remedy, "the 'threatened injury must be *certainly impending* to constitute injury in fact' and 'allegations of *possible* future injury are not sufficient.'" *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). Plaintiff must demonstrate that she is likely to suffer future injury from the product. *See In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d at 292 (finding plaintiff lacked standing to pursue injunctive relief). "Consumers who were misled by deceptive . . . labels lack standing for injunctive relief because there is no danger that they will be misled in the future." *Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1196 (N.D. Cal. 2014); *see also Nacarino v. KSF Acquisition*

*Corp.,* No. 22-CV-04021-MMC, 2022 WL 17178688, at *3 (N.D. Cal. Nov. 23, 2022) (holding that plaintiff lacked standing to seek injunctive relief because the true meaning of the representation is found on the nutrition facts and going forward plaintiff can evaluate the product claims based on the information disclosed). Plaintiff is not threatened with any future injury sufficient for Article III standing. *See also Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016); *see Mancuso v. RFA Brands, LLC,* 454 F. Supp. 3d 197, 206 (W.D.N.Y. 2020) ("Plaintiff's claim of standing to seek injunctive relief relies solely on past harm, combined with speculative allegations—not of future harm, but of plaintiff's intent to avoid future harm by refusing to consider repurchasing defendant's product unless or until the product and packaging are changed.").

Plaintiff's Complaint is devoid of any allegations demonstrating risk of future harm and instead simply requests for injunctive relief to stop Defendant's labeling and marketing of the Products. (Compl. ¶ 14.) This is insufficient and Plaintiff's request for injunctive relief should be dismissed without leave to amend. Indeed, Plaintiff cannot plead any threat of future economic injury because Plaintiff cannot be deceived by the allegedly misleading labeling again (as she *allegedly* was). Courts regularly dismiss deceptive marketing claims seeking injunctive relief in such circumstances. *See, e.g.*, *Casey v. Odwalla, Inc.,* 338 F. Supp. 3d 284, 299 (S.D.N.Y. 2018) (denying Article III standing for injunctive relief in deceptive labeling case) (collecting cases). In *Fernandez v. Atkins Nutritionals, Inc.*, plaintiff claimed Atkins's products had misleading labels regarding carbohydrate content. No. 317CV01628GPCWVG, 2018 WL 280028 (S.D. Cal. Jan. 3, 2018). Yet based on the allegations in "the complaint, Fernandez now kn[ew] how Atkins goes about calculating its net carbs claims, and she will not be misled next time she goes to Wal-Mart or Target and looks at Atkins's labels." *Id.* "Unlike in *Davidson* [*v. Kimberly-Clark Corp.*, 873 F.3d 1103 (9th Cir. 2017)], where the plaintiff faced a future injury because she still could not rely on the defendant's claims about its products' 'flushability,' Fernandez admits that she now has knowledge that enables her to make an appropriate choice with respect to Atkins's products." *Id.*

Plaintiff does not (and cannot) plead any threat of future economic injury because Plaintiff cannot be deceived by the allegedly misleading labeling again. Plaintiff's claim for injunctive relief must be dismissed.

3.      **Plaintiff Cannot Show Del Monte's Conduct *Caused* Any Injury**

A plaintiff bringing consumer protection claims must "establish causation for purposes of Article III standing." *Brazil v. Dole* Food *Co., Inc.*, No. 12-CV-01831-LHK, 2013 WL 5312418, at *8 (N.D. Cal. Sept. 23, 2013). To establish Article III standing, a plaintiff must show: "(1) he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision." *Salmon Spawning & Recovery All. v. Gutierrez,* 545 F.3d 1220, 1225 (9th Cir. 2008). The caused injury must be "distinct and palpable ... as opposed to merely abstract." *Schmier v. U.S. Ct. of Appeals for Ninth Cir.,* 279 F.3d 817, 821 (9th Cir. 2002).

Plaintiff cannot allege that Del Monte's fairly traceable conduct harmed her as a matter of law. Plaintiff alleges she and the proposed class members "purchased, purchased more of, and/or paid more for, the Products than they would have had they known the truth about the Products" and that based on "Defendant's misleading and deceptive representations, Defendant were [sic] able to, and did, charge a premium price for the Products over the cost of competitive products not bearing the misrepresentations." (Compl. ¶¶ 64-65.) But Plaintiff's cursory pleading is not a plausible allegation that Del Monte caused them to pay price premiums or that comparable products without artificial ingredients exist. Plaintiff's bare allegations cannot credibly establish that Del Monte caused the "concrete," "actual," or "imminent" injury required to confer Article III standing. *Naimi v. Starbucks Corp.*, 798 F. App'x 67, 70 (9th Cir. 2019) ("The bare recitation of the word 'premium' does not adequately allege a cognizable injury.").

4.      **Plaintiffs Do Not Have Standing to Bring Non-Oregon Consumer Protection Law Claims**

State law consumer protection claims must satisfy federal standing requirements under Article III as well. *See Birdsong v. Apple, Inc.,* 590 F.3d 955, n.4 (9th Cir. 2009) (citing *Cantrell v. City of Long Beach,* 241 F.3d 674, 683 (9th Cir. 2001) (holding that a party asserting state law claims in federal court "must meet the stricter federal standing requirements of Article III."). A "consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place." *Mazza,* 666 F.3d at 594. California specifically recognizes that "with respect to regulating or

1
2
3
4
5
6
7

affecting conduct within its borders, the place of the wrong has the predominant

interest." *See Hernandez v. Burger*, 102 Cal. App. 3d 795, 802 (Cal. Ct. App. 1980), *cited with approval by Abogados v. AT&T, Inc.*, 223 F.3d 932, 935 (9th Cir. 2000). The "place of the wrong" is "the state where the *last event necessary* to make the actor liable occurred." *See Mazza*, 666 F.3d at 593. "Courts in the Ninth Circuit have consistently held that a plaintiff in a putative class action lacks standing to assert claims under the laws of states other than those where the plaintiff resides or was injured." *Jones,* 400 F. Supp. at 908.

8
9
10
11
12

Plaintiff's alleged purchases occurred in Oregon. Compl. ¶ 20; Swanholt Decl. ¶ 3. These purchases are the "last event necessary" to create liability, which occurred (if at all) in Oregon. *See Mazza*, 666 F.3d at 593. Because "Plaintiffs must show they have standing for each claim they raise and [they] do not have standing to bring claims under the laws of states where they have alleged no injury, residence or other pertinent connection," *Jones*, 400 F. Supp. 3d. at 909.

13
14
15
16
17
18
19
20
21
22
23
24
25
26

Plaintiff cannot bring class claims where she does not have standing to bring those claims. "[E]ven named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) (en banc) (quoting *Lewis v. Casey*, 518 U.S. 343, 357 (1996)). Standing cannot be based on alleged injuries to unnamed members of a proposed class. *Hodgers-Durgin*, 199 F.3d at 1045 (affirming that plaintiffs did not have standing and claims were properly dismissed even if unnamed class members might have standing). At least one named plaintiff must satisfy standing for each claim and form of relief sought. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC)*, 528 U.S. 167, 185 (2000); *Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007). If "a named plaintiff lacks standing as to the requested relief, there is no class." *Jeffrey Katz Chiropractic, Inc. v. Diamond Respiratory Care, Inc.*, No. 20-CV-04108-CRB, 2021 WL 5848075, at *8 (N.D. Cal. Dec. 9, 2021). Plaintiffs can only conceivably bring Oregon claims, and any other state consumer protection claims[9] must be dismissed for lack of standing.

27
28

---

[9] Plaintiff alleges California, Florida, Illinois, Maryland, Massachusetts, Minnesota, Missouri, New Jersey, New York, Pennsylvania, and Washington state consumer protection claims despite the lack of any conceivable connection between Plaintiff and those states.

**5.** <u>**Plaintiff Does Not Have Standing as to Products She Did Not Purchase**</u>

Plaintiff purports to assert claims relating to *any* Del Monte Product even though Plaintiff only bought two of the Products specifically identified in the Complaint. *Compare* Compl. ¶ 1, n. 1 *with* Compl. ¶ 20. As a result, Plaintiff lacks standing to make claims based on any product labels upon which she did not rely, including any unidentified Del Monte *other* products not specifically purchased by Plaintiff. "Plaintiffs' allegations regarding reliance for products they did not purchase fail." *Kane v. Chobani, Inc.*, No. 12-CV-02425-LHK, 2013 WL 5289253, at *37-38 (N.D. Cal. Sept. 19, 2013). A "[c]ourt will not assume that each of these subtly different Products is like all the others." *Wilson*, 961 F. Supp. 2d at 1142. Plaintiffs bear the burden of establishing that Products are "substantially similar." *Kane*, 2013 WL 5289253, at *37. "To meet the plausibility standard [], Plaintiffs have to say more, especially when they are asserting standing as to Products they did not purchase —otherwise their pleadings amount to unacceptably bare legal conclusions." *Id.*

Because Plaintiff only purchased two of the identified Products, Plaintiff lacks standing to pursue claims against the Other Products and any such claims under Counts I-V should be dismissed or stricken for lack of standing.

**VI.**   <u>**CONCLUSION**</u>

For the foregoing reasons, Del Monte respectfully requests that the Court dismiss all counts in Plaintiff's Complaint with prejudice.

DATED: June 2, 2023

**FOLEY & LARDNER LLP**
Erik K. Swanholt
Kelsey C. Boehm

/s/ Erik K. Swanholt
Erik K. Swanholt
Attorneys for Defendant, Del Monte Foods, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28