**FOLEY & LARDNER LLP**
Erik K. Swanholt (SBN 198042)
*eswanholt@foley.com*
555 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 972-4614; Fax: (213) 972-4757

Kelsey C. Boehm (pro hac vice)
*kboehm@foley.com*
1400 16th Street, Suite 200
Denver, CO 80202
Tel: (720) 437-2013; Fax: (720) 437-2200

*Attorneys for Defendant Del Monte Foods, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

Kerstine Bryan, individually and on behalf of all others similarly situated,

Plaintiff,

v.

Del Monte Foods, Inc.,

Defendant.

Case No.: 23-cv-00865-MMC
Case Filed: February 24, 2023

*Assigned to Hon. Maxine M. Chesney*

**DEFENDANT DEL MONTE FOODS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

**TABLE OF CONTENTS**

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. The Complaint Fails to State a Claim Pursuant to Rule 12(b)(6). .......... 2

1. No Reasonable Consumer Would Be Misled By the Product Labels. .......... 2

2. Plaintiff Cannot Bring UCL and FAL Claims Based on Purchases Made in Oregon. .......... 4

3. Plaintiff Fails to Allege that Del Monte Acted Willfully .......... 5

4. Plaintiff's Unjust Enrichment Claim Fails. .......... 6

5. Plaintiff Fails to Satisfy Rule 9(b). .......... 7

B. Plaintiff Lacks Article III Standing. .......... 8

1. Plaintiff Does Not Allege a Plausible Economic Injury. .......... 8

2. Plaintiff Improperly Seeks to Delay Resolution of Standing Issues to the Class Certification Stage, Incorrectly Asserting that Del Monte "Confuses" Class Certification Issues With Standing Issues. .......... 9

3. Plaintiff Does Not Have Standing to Assert Non-Oregon Consumer Protection Law Claims. .......... 11

C. Plaintiff Has Not and Cannot Plead A Risk of Future Harm Supporting Her Request for Injunctive Relief. .......... 11

D. No Leave to Amend Should be Granted. .......... 12

III. CONCLUSION .......... 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ang v. Bimbo Bakeries USA, Inc.*, No. 13-CV-01196-WHO, 2014 WL 1024182 (N.D. Cal. Mar. 13, 2014) ................................. 10

*Babaian v. Dunkin' Brands Grp., Inc.*, No. LACV174890VAPMRWX, 2018 WL 11445613 (C.D. Cal. June 12, 2018).................... 8, 9

*Balser v. Hain Celestial Grp., Inc.*, 640 F. App'x 694 (9th Cir. 2016) ........................................................................................ 4

*Brazil v. Dole Packaged Foods, LLC*, 660 F. App'x 531 (9th Cir. 2016) ........................................................................................ 4

*City of Oakland v. Oakland Raiders*, 20 F.4th 441 (9th Cir. 2021)................................................................................................ 9

*Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108 (C.D. Cal. 2021)................................................................................ 7

*Colquitt v. Manufacturers & Traders Tr. Co.*, 144 F. Supp. 3d 1219 (D. Or. 2015).................................................................................... 6

*Doe v. United States*, 58 F.3d 494 (9th Cir. 1995)............................................................................................... 12

*Effinger v. Ancient Organics LLC*, No. 22-CV-03596-RS, 2023 WL 2214168 (N.D. Cal. Feb. 24, 2023) ...................................... 11

*Elgindy v. AGA Serv. Co.*, No. 20-CV-06304-JST, 2021 WL 1176535 (N.D. Cal. Mar. 29, 2021) ...................................... 7

*Granfield v. NVIDIA Corp.*, No. C 11-05403 JW, 2012 WL 2847575 (N.D. Cal. July 11, 2012)......................................... 10

*Gregorio v. Clorox Co.*, No. 17-CV-03824-PJH, 2018 WL 732673 (N.D. Cal. Feb. 6, 2018)............................................. 4

*Harris v. LSP Prod. Grp., Inc.*, No. 218CV02973TLNKJN, 2021 WL 2682045 (E.D. Cal. June 30, 2021) ............................... 5

*Hartman v. Summers*, 120 F.3d 157 (9th Cir. 1997)................................................................................................ 9

*Heber v. Toyota Motor Sales, U.S.A., Inc.*, 823 F. App'x 512 (9th Cir. 2020) ........................................................................................ 8

*In re Intel Corp. CPU Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. 3:18-MD-2828-SI, 2021 WL 1198299 (D. Or. Mar. 29, 2021) ........................................... 7

*In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869 (9th Cir. 2012)................................................................................................ 8

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077 (S.D. Cal. 2010) ............................................................................... 8

*Jackson v. Gen. Mills, Inc.*, No. 18CV2634-LAB (BGS), 2019 WL 4599845 (S.D. Cal. Sept. 23, 2019)............................. 5

*Jones v. Micron Tech. Inc.*,

400 F. Supp. 3d 897 (N.D. Cal. 2019) ........................................................................ 11

*Jou v. Kimberly-Clark Corp.*,
No. C-13-03075 JSC, 2013 WL 6491158 (N.D. Cal. Dec. 10, 2013)........................................... 4

*Luedeman v. Tri-W. Const. Co.*,
39 Or. App. 401, 592 P.2d 281 (1979)........................................................................................ 6

*Maisel v. S.C. Johnson & Son, Inc.*
2021 WL 1788397 (N.D. Cal. May 5, 2021) ............................................................................. 3

*McGinity v. Procter & Gamble Co.*,
No. 22-15080, --- F.4th ---, 2023 WL 3911531 (9th Cir. June 9, 2023).......................... 1, 2, 3, 4

*Mlejnecky v. Olympus Imaging Am. Inc.*,
No. 2:10-CV-02630 JAM, 2011 WL 1497096 (E.D. Cal. Apr. 19, 2011)................................. 10

*Moore v. Glaxosmithkline Cnsmr Healthcare Holdings (US) LLC,*
2021 WL 3524047 (N.D. Cal. Aug. 6, 2021)............................................................................... 4

*Moore v. Trader Joe's Co.*,
4 F.4th 874 (9th Cir. 2021)............................................................................................................ 2

*Nacarino v. KSF Acquisition Corp.*,
No. 22-CV-04021-MMC, 2022 WL 17178688 (N.D. Cal. Nov. 23, 2022)............................. 6, 7

*Perez v. Bath & Body Works, LLC*,
No. 21-CV-05606-BLF, 2023 WL 3467207 (N.D. Cal. May 15, 2023).................................... 10

*Przybylak v. Bissell Better Life LLC*,
No. CV 19-2038 PA (GJSX), 2019 WL 8060076 (C.D. Cal. July 19, 2019) .............................. 4

*Rabin et al., v. Google, LLC,*
No. 22-CV-04547-BLF, 2023 WL 4053804 (N.D. Cal. June 15, 2023)...................................... 6

*Sebastian v. Kimberly-Clark Corp.*,
No. 17CV442-WQH-JMA, 2017 WL 6497675 (S.D. Cal. Dec. 18, 2017) ................................ 4

*Sharma v. Volkswagen AG,*
524 F. Supp. 3d 891 (N.D. Cal. 2021) ........................................................................................ 6

*Silva v. Unique Beverage Co., LLC*,
No. 3:17-CV-00391-HZ, 2017 WL 2642286 (D. Or. June 15, 2017)........................................... 6

*Six Dimensions, Inc. v. Perficient, Inc.*,
969 F.3d 219 (5th Cir. 2020)........................................................................................................ 5

*Steinberg v. Icelandic Provisoins, Inc.*,
2023 WL 3918257 (9th Cir., June 9, 2023) ................................................................................. 3

*Wilson v. Frito-Lay N. Am., Inc.*,
961 F. Supp. 2d 1134 (N.D. Cal. 2013) ....................................................................................... 5

**Statutes**

Or. Rev. Stat. Ann. § 646.605 ........................................................................................................ 5

**Rules**

Federal Rule of Civil Procedure 15(a)(2)...................................................................................... 12

**I. INTRODUCTION**

Defendant Del Monte Food, Inc.'s ("Del Monte") labels are accurate. Plaintiff Kerstine Bryan's ("Plaintiff") failure to read those labels does not provide her with a basis to claim that the labels are misleading. The front of the Products' labels conspicuously state: "new look for fruit naturals®" and specifically disclose on the front, center of the label that the fruit chunks are "in extra light syrup." Del Monte's disclosure of the use of syrup on the front of the Products' labels bars any claim that the front of the Products' labels mislead consumers into believing the products are "all natural." Indeed, there is no claim that the Products are natural at all; the labels merely and literally alert consumers that Del Monte is using a "new look" for the former "fruit naturals" product.[1] It is not and cannot be the law that a product label simply referring to the prior iteration's trademark that happens to include the word "naturals" means that a reasonable consumer will read that label to mean the product contains only natural ingredients.

The labels are clear and accurate and surely not ambiguous at all; but even if they are ambiguous, under controlling Ninth Circuit law, when a front label is ambiguous, the ambiguity must be resolved by reference to information available to the consumer such as the back label's ingredient list. *McGinity v. Procter & Gamble Co.*, No. 22-15080, --- F.4th ---, 2023 WL 3911531, at *4 (9th Cir. June 9, 2023) (holding that "no reasonable consumer would think that the products are either completely or substantially natural" when the back label discloses synthetic ingredients). Del Monte's Products' labels, including the disclosure of syrup on the front and synthetic ingredients on the back, are not misleading. As a matter of law, no reasonable consumer would think that the Products are completely or substantially natural. Given Del Monte's labels and unequivocal Ninth Circuit law on this point, Plaintiff's consumer protection claims (Counts I, II, III, and V) must be dismissed.

The other arguments in Plaintiff's opposition to Del Monte's motion to dismiss fare no better. Plaintiff, an Oregon resident that purchased Del Monte Products in Oregon, cannot

[1] As noted in Del Monte's opening brief, the Products at issue have not used the "fruit naturals®" trademark since 2020 and instead have a flag on the top right corner that reads "new look for fruit naturals."

conceivably assert non-Oregon consumer protection claims. Moreover, Plaintiff fails to assert willfulness with particularity in support of any of her consumer protection claims. In addition, Plaintiff fails to allege that she lacks an adequate remedy at law requiring dismissal of her unjust enrichment claim (Count IV). Finally, Plaintiff's complaint must be dismissed because she lacks standing. For these and the other reasons set forth below and in Del Monte's opening brief, Plaintiff's complaint should be dismissed in its entirety.

## II. ARGUMENT

### A. The Complaint Fails to State a Claim Pursuant to Rule 12(b)(6).

#### 1. No Reasonable Consumer Would Be Misled By the Product Labels.

Plaintiff wrongly asserts that this issue cannot be resolved on a motion to dismiss. However, under 9th circuit law, this is precisely the kind of case that can and should be dismissed at the pleading stage. Indeed, the Ninth Circuit recently affirmed a district court's dismissal of consumer protection claims at the pleading stage when the product's back label ingredient list disclosed that the product contains synthetic ingredients. In that case, the plaintiff asserted claims based on front product label's displaying the words "Nature Fusion" in bold, capitalized letters with an image of an avocado on a green leaf contending that such label represented that the products "are natural when, in fact, they contain non-natural and synthetic ingredients." *McGinity*, 2023 WL 3911531, at *2. The court recognized that the front label representation could have competing interpretations,[2] and that in light of the ambiguity, the court "*must consider* what additional information other than the front label was available to consumers of the P&G products." *Id.* at *3-4 (citing *Moore v. Trader Joe's Co.,* 4 F.4th 874, 882-83 (9th Cir. 2021) (emphasis added)). In *McGinity*, the court observed that the back label ingredient list included the ingredients that the plaintiff alleged are synthetic and that "no reasonable consumer would think that the products are either completely or substantially

[2] The court noted that the "Nature Fusion" label "does not make any affirmative promise about what proportion of the ingredients are natural." *Id.* at *4. Instead, it "could mean any number of things: that the products are made with a mixture of natural and synthetic ingredients, that the products are made with a mixture of different natural ingredients, or something else entirely." *Id.*

natural." *Id.* at *4-5. In the case at bar, Plaintiff asserts various consumer protection claims based on a variation of "natural" used on the front of the Products' label in reference to the product line formally branded as "fruit naturals®". Like in *McGinity*, the statement "new look for fruit naturals" clearly does not make any affirmative representation that the product is "all natural" or provide any information regarding what proportion of the ingredients are natural (*e.g.* "100% natural" or "all natural", which the Ninth Circuit recognized could be misleading) and instead could mean a number of things.[3] In light of the potential ambiguity, the Court "must consider what additional information…was available to consumers of the" Products. *Id.* at *3. Here, the back label dispels any ambiguity or potential to mislead in its disclosure of the precise synthetic ingredients that Plaintiff complains of. *Compare* Compl. ¶¶ 50.a (citric acid), 50.b (potassium sorbate) *with* Dkt. 21-3 (mango chucks' ingredient label listing citric acid and potassium sorbate). Accordingly, "[w]ith the entire product in hand…no reasonable consumer would think that the products are either completely or substantially natural" and Plaintiff's consumer protection claims must be dismissed. *McGinity*, 2023 WL 3911531, at *5; *see also Steinberg v. Icelandic Provisoins, Inc.,* 2023 WL 3918257 (9th Cir., June 9, 2023) (affirming dismissal of complaint because it failed to allege product's front label would deceive a reasonable consumer because ambiguity is resolved by reference to the back label).

The district court cases cited by Plaintiff in support of her consumer protection claims are not controlling, outdated and distinguishable. For example, in *Maisel v. S.C. Johnson & Son, Inc.*, the challenged representations specifically referred to the nature of the products' ingredients (*e.g.,* "plant-based & mineral ingredients") as opposed to a product brand and the court applied the pre-*McGinity* standard in refusing to consider the back of the products' labels. No. 21-CV-00413-TSH, 2021 WL 1788397, at *10 (N.D. Cal. May 5, 2021). Similarly, in *Moore v. Glaxosmithkline Cnsmr Healthcare Holdings (US) LLC,* one of the challenged representation stated "100% Natural," which

[3] *E.g.* "that the products are made with a mixture of natural and synthetic ingredients, that the products are made with a mixture of different natural ingredients, or something else entirely" (*id.* at *4) such as a simple reference to Del Monte's "fruit naturals®" trademark.

the Ninth Circuit held could be misleading as to proportion of natural ingredients in *McGinity* and the *Moore* court applied the outdated standard in refusing to consider the product's ingredient list. No. 20-CV-09077-JSW, 2021 WL 3524047, at *9 (N.D. Cal. Aug. 6, 2021); *see also Gregorio v. Clorox Co.,* No. 17-CV-03824-PJH, 2018 WL 732673, at *5 (N.D. Cal. Feb. 6, 2018) (applying the old standard in refusing to consider ingredients in connection with a "naturally derived" product representation); *Przybylak v. Bissell Better Life LLC*, No. CV 19-2038 PA (GJSX), 2019 WL 8060076, at *1 (C.D. Cal. July 19, 2019) (same in connection with "natural," "plant-derived," non-toxic," "plant-derived cleaning agents" and "100% plant-derived cleaning agents" representations ); *Jou v. Kimberly-Clark Corp.*, No. C-13-03075 JSC, 2013 WL 6491158, at *7 (N.D. Cal. Dec. 10, 2013) (same in connection with "Natural Care," "pure & natural," and "soft organic cotton" representations); *Sebastian v. Kimberly-Clark Corp.*, No. 17CV442-WQH-JMA, 2017 WL 6497675, at *1 (S.D. Cal. Dec. 18, 2017) (same in connection with "natural," "gentle," "hypoallergenic," and "simple formula" representations). Similarly, the unpublished Ninth Circuit cases applying the old standard relied on by Plaintiff have no application here. *See Balser v. Hain Celestial Grp., Inc.*, 640 F. App'x 694 (9th Cir. 2016) ("This disposition is not appropriate for publication and is not precedent"); *Brazil v. Dole Packaged Foods, LLC*, 660 F. App'x 531, 532 (9th Cir. 2016) ("This disposition is not appropriate for publication and is not precedent"). Given the intervening change in law and the different representations at-issue in the cases relied on by Plaintiff, those cases do not save Plaintiff's claims. This Court should dismiss Counts I, II, III and V because no reasonable consumer would be misled by Del Monte's Products' labels.

**2. Plaintiff Cannot Bring UCL and FAL Claims Based on Purchases Made in Oregon.**

Plaintiff concedes that she did not purchase the Products in California, instead asserting that she can maintain her California causes of action based on Defendant's presence in California. However, the single case cited by Plaintiff (*Effinger v. Ancient Organics LLC*) addresses a motion to dismiss based on standing (Rule 12(b)(1) and not 12(b)(6)) and fails to rebut Del Monte's motion

to dismiss pursuant to Rule 12(b)(6).[4] Moreover, Plaintiff fails to plausibly allege facts demonstrating that the "new look for fruit naturals" labeling decision was made in California instead referring to general allegations relating to Del Monte's headquarters located in California. (Opp. at p. 14 (citing Compl. ¶¶ 19, 21.)) These allegations are insufficient. *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1148 (N.D. Cal. 2013) (dismissing California statutory claims when "Plaintiffs' allegations on these points amount to nothing more than conclusions of law without any supporting facts" and noting that advertisement and sale of products in California is insufficient); *see also Six Dimensions, Inc. v. Perficient, Inc.,* 969 F.3d 219, 229 (5th Cir. 2020) (holding that UCL did not apply to plaintiff's claims based on allegation that defendant was incorporated and headquartered in California at the time the relevant agreement was signed); *Harris v. LSP Prod. Grp., Inc.*, No. 218CV02973TLNKJN, 2021 WL 2682045, at *14 (E.D. Cal. June 30, 2021) (granting motion to dismiss non-California residents' California law-based claims); *Jackson v. Gen. Mills, Inc.*, No. 18CV2634-LAB (BGS), 2019 WL 4599845, at *4 (S.D. Cal. Sept. 23, 2019) (holding that California consumer protection "laws simply do not apply to transactions outside California involving non-California consumers") In sum, Plaintiff's UCL and FAL claims based on purchases made in Oregon by an Oregon resident should be dismissed.

**3. Plaintiff Fails to Allege that Del Monte Acted Willfully.**

Plaintiff concedes that her Oregon UPTA claim requires that Plaintiff allege sufficient facts that Defendant acted willfully and that "'[a] willful violation occurs when the person committing the violation knew or should have known that the conduct of the person was a violation.'" (Opp. p. 15 (quoting Or. Rev. Stat. Ann. § 646.605)). Nonetheless Plaintiff fails to identify a single fact alleged in the Complaint demonstrating that Del Monte knew or should have known that its conduct was a violation. Instead, Plaintiff merely asserts that Del Monte knew that consumers would pay a price premium or more for products marketed as "natural" (Opp. p. 15) but does not allege any facts demonstrating that Del Monte knew or should have known that such marketing is a violation or that

---

[4] Del Monte further addresses the issue in the standing context *infra* Section II.B.3.

the statements made on the Products' labels were misleading and would mislead consumers into believing – falsely – that the Products only contained natural ingredients. Accordingly, Plaintiff's allegations are insufficient and dismissal of Plaintiff's UPTA claim (Count III) is proper. *Silva v. Unique Beverage Co., LLC*, No. 3:17-CV-00391-HZ, 2017 WL 2642286, at *9 (D. Or. June 15, 2017) (dismissing UPTA claim based on coconut beverage label; observing, *inter alia*, that plaintiff asserted "in conclusory fashion that Defendant [acted] willfully"); *see also Luedeman v. Tri-W. Const. Co.*, 39 Or. App. 401, 404, 592 P.2d 281, 282 (1979) (district court erred in not allowing defendant's demurrer to the complaint for failure to allege willfulness); *Colquitt v. Manufacturers & Traders Tr. Co.*, 144 F. Supp. 3d 1219, 1232 (D. Or. 2015) (granting motion to dismiss UPTA claim for failure to sufficiently allege a willful violation).

**4. Plaintiff's Unjust Enrichment Claim Fails.**

While Del Monte agrees that unjust enrichment claims may be asserted in certain circumstances, this is not such a case. Plaintiff argues that her unjust enrichment claim may be asserted as a quasi-contract claim seeking restitution. (Opp. at 16 (internal citations omitted).) But, as this Court has recognized, a plaintiff seeking restitution must establish that she lacks an adequate remedy at law. *Nacarino v. KSF Acquisition Corp.*, No. 22-CV-04021-MMC, 2022 WL 17178688, at *5 (N.D. Cal. Nov. 23, 2022) (internal citation omitted). Where, as here, the plaintiff's claim for damages is based on precisely the same alleged conduct as the equitable claim for restitution,[5] the plaintiff fails to establish a lack of an adequate remedy at law and dismissal of the equitable claim is proper. *Id.; see also Sharma v. Volkswagen AG,* 524 F. Supp. 3d 891, 909 (N.D. Cal. 2021) (dismissing unjust enrichment claim when plaintiffs failed to show that legal remedies are unavailable or inadequate); *Rabin et al., v. Google, LLC,* No. 22-CV-04547-BLF, 2023 WL 4053804, at *13 (N.D. Cal. June 15, 2023) (dismissing unjust enrichment claim when plaintiffs failed to plausibly allege that they lack an adequate remedy at law). Plaintiff goes on to assert that

---

[5] *Compare* Compl. ¶¶ 112, 115 (seeking restitution for Defendant's alleged deceptive marketing and advertising) *with* Compl. ¶¶ 101-102 109 (seeking monetary damages for Defendant's alleged deceptive marketing and advertising).

unjust enrichment may be plead in the alternative. This argument fails too as Plaintiff has not even alleged in the alternative that she lacks an adequate legal remedy. *Clark v. Am. Honda Motor Co.,* 528 F. Supp. 3d 1108, 1121 (C.D. Cal. 2021) (dismissing unjust enrichment claim pled in the alternative when plaintiffs failed to allege that they lack an adequate remedy at law); *In re Intel Corp. CPU Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. 3:18-MD-2828-SI, 2021 WL 1198299, at *11 (D. Or. Mar. 29, 2021) (dismissing unjust enrichment claim when plaintiffs did "not allege, even in the alternative, that they do not have adequate legal remedies"). Indeed, as this Court observed, the question is not "whether the plaintiff is required to choose between two available inconsistent remedies, but, rather, whether equitable remedies are available to the plaintiff at all." *Nacarino,* 2022 WL 17178688, at *5 (internal citations and quotations omitted). Plaintiff has not sufficiently alleged that she lacks adequate legal remedies and therefore restitution is not available to Plaintiff and the unjust enrichment claim must be dismissed.

**5. Plaintiff Fails to Satisfy Rule 9(b).**

As discussed *supra* section II.A.3, Plaintiff fails to sufficiently allege facts demonstrating that Del Monte acted willfully and certainly does not allege facts with particularity as required by Rule 9(b) demonstrating willfulness. For example, Plaintiff's opposition identifies paragraphs 4 and 56-57 of the Complaint in arguing that Defendant's representations were willful and knowing. Paragraph 4 merely states that the brand has grown from targeting the "natural" market and paragraphs 56-57 allege that Del Monte marketed the products using the word "natural" and that Del Monte knows that products containing synthetic ingredients have lower demand. But nothing in the foregoing paragraphs demonstrates that Del Monte *knew* that consumers would be misled by the "new look for fruit naturals" representation as required to allege willfulness, particularly in light of Del Monte's disclosure of the use of syrup on the front label and list of ingredients (including synthetic ingredients) on the back. Beyond that, the complaint merely contains conclusory allegations regarding willfulness (*see, e.g.,* Compl. ¶¶ 104-105), which is insufficient. *Elgindy v. AGA Serv. Co.*, No. 20-CV-06304-JST, 2021 WL 1176535, at *14 (N.D. Cal. Mar. 29, 2021)

(dismissing claim when the plaintiffs did "not allege any facts as to Defendants' knowledge that consumers were being misled" and observing that conclusory allegations are insufficient) (internal citation omitted); *Heber v. Toyota Motor Sales, U.S.A., Inc*., 823 F. App'x 512, 515 (9th Cir. 2020) (affirming dismissal of consumer protection claims for failure to allege defendant's awareness of the issue with particularity); *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1090 (S.D. Cal. 2010) (dismissing consumer protection claims under Rule 9 because plaintiffs failed to provide anything more than conclusory allegations that defendant's representations were false or misleading); *In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 883 (9th Cir. 2012) (holding that financial motives for making statements is insufficient). Plaintiff fails to plead her fraud claims plausibly and with requisite particularity and her consumer fraud claims must be dismissed accordingly.

**B. Plaintiff Lacks Article III Standing.**

**1. Plaintiff Does Not Allege a Plausible Economic Injury.**

Plaintiff fails to allege facts demonstrating that Plaintiff suffered a plausible economic injury. Plaintiff asserts that she suffered economic injury because she "purchased, purchased more of, and/or paid more for, the Products" based on the "natural" representation. (Opp. at p. 8.) But Plaintiff fails to allege any *facts* in support of this theory such as (i) the price Plaintiff paid for the Products, (ii) the existence of similar products on the market that do not contain artificial ingredients, or (iii) the existence of similar products on the market without the "natural" representation that charge different prices. Contrary to Plaintiff's assertion in her opposition, Del Monte is not attempting to add requirements to establish economic injury; Plaintiff's allegations are simply insufficient.

*Babaian v. Dunkin' Brands Grp., Inc.*, is instructive. No. LACV174890VAPMRWX, 2018 WL 11445613, at *7 (C.D. Cal. June 12, 2018). In *Babaian*, the court dismissed plaintiff's claims for failure to allege economic injury based on defendant's representation that the products contain "Real Ingredients." *Id.* Despite alleging far more detail in support of the claimed injury (*e.g.*,

identification of competitors that plaintiff would have purchased doughnuts from instead absent the representation), the court held that plaintiff's asserted price premium theory "is tenuous at best." *Id.* at *6. Indeed, "a consumer's subjective willingness to pay is not a functional indicator of the objective market effects of the purported misrepresentation." *Id.* In other words, Plaintiff's subjective willingness to pay more for the Products due to the "natural" representation (Compl. ¶¶ 63-68) is insufficient to demonstrate that the Products were in fact sold for a premium. *See Babaian,* 2018 WL 11445613, at *7 (internal citation omitted). Because Plaintiff's economic injury allegations rest on "naked assertions devoid of further factual enhancement," Plaintiff's claims must be dismissed for lack of standing. *Id.*

The cases cited by Plaintiff are inapposite as the plaintiffs in those cases alleged actual *facts* in support of their economic injuries, unlike the Plaintiff here. *See, e.g., Sinatro v. Barilla Am., Inc.,* No. 22-CV-03460-DMR (N.D. Cal.), Dkt. 11 ¶¶ 8-9 (alleging the prices named-plaintiffs paid for the products bearing the challenged representation); *Maisel v. S.C. Johnson & Son, Inc.,* 21-cv-00413-TSH (N.D. Cal.), Dkt. 16 FAC ¶ 8 (alleging the price paid by the plaintiff for the products bearing challenged representations). In sum, this Court should dismiss Plaintiff's claims for failure to plausibly allege any facts demonstrating any economic injury.

**2. Plaintiff Improperly Seeks to Delay Resolution of Standing Issues to the Class Certification Stage, Incorrectly Asserting that Del Monte "Confuses" Class Certification Issues With Standing Issues.**

Plaintiff wrongly asserts that certain of the standing issues raised in Del Monte's motion to dismiss are class certification issues. (Opp. at pp. 9-14.) Noticeably absent from Plaintiff's argument, however, is any assertion that these issues *cannot* be resolved on a motion to dismiss. *See id.* The mere fact that standing issues have been resolved at the class certification stage does not mean that class certification is the *only* stage for resolving those issues. Indeed, it is well-established that "[s]tanding can be reviewed at anytime because it is a jurisdictional concern." *Hartman v. Summers*, 120 F.3d 157, 160 (9th Cir. 1997); *City of Oakland v. Oakland Raiders*, 20 F.4th 441, 452 (9th Cir. 2021) (the issue of standing "may be raised at any time") (internal citation and quotations

omitted). Plaintiff fails to acknowledge, much less address the cases cited in Del Monte's opening brief supporting dismissal of Plaintiff's claims for lack of standing at the pleading stage instead focusing on inapposite cases considering the issue on class certification.

This Court should reject Plaintiff's invitation to kick resolution of standing issues down the road as resolution on the pleadings is most efficient and will prevent Plaintiff from continuing to assert claims (and seeking burdensome discovery) regarding products that Plaintiff does not have standing to pursue. Indeed, Plaintiff only alleges to have purchased two Del Monte products (Compl. ¶ 20), but yet seeks to assert claims relating to any Del Monte "products that are similarly deceptively marketed" without identifying in any way those other products. (*Id.* ¶ 1, fn 1.) Even under the "substantially similar" standard, Plaintiff's Complaint allegations relating to unidentified products with purportedly "similar" marketing are plainly insufficient. *See, e.g., Ang v. Bimbo Bakeries USA, Inc.,* No. 13-CV-01196-WHO, 2014 WL 1024182, at *10 (N.D. Cal. Mar. 13, 2014) (dismissing claims relating to unpurchased products for lack of standing and noting numerous problems with plaintiff's assertion of claims for unpurchased products, including the contextual determination necessary regarding each product's label, ingredients and appearance); *Perez v. Bath & Body Works, LLC*, No. 21-CV-05606-BLF, 2023 WL 3467207, at *7 (N.D. Cal. May 15, 2023) (granting motion to dismiss claims based on products not purchased because the complaint allegations were "insufficient to support the inference that the" products are "substantially similar"); *see also Mlejnecky v. Olympus Imaging Am. Inc.,* No. 2:10-CV-02630 JAM, 2011 WL 1497096, at *4 (E.D. Cal. Apr. 19, 2011) (granting motion to dismiss for lack of standing because plaintiff did not allege that she suffered any economic injury in connection with products not purchased); *Granfield v. NVIDIA Corp.*, No. C 11-05403 JW, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012) (holding that plaintiff lacked standing to assert injury based on product models that plaintiff did not purchase). This Court should address the standing issues now and dismiss Plaintiff's claims relating to products not purchased by Plaintiff.

**3. Plaintiff Does Not Have Standing to Assert Non-Oregon Consumer Protection Law Claims.**

Plaintiff does not directly address Del Monte's arguments regarding lack of standing to assert non-Oregon consumer protection law claims.[6] As discussed in Del Monte's opening brief, courts in the Ninth Circuit "have consistently held that a plaintiff in a putative class action lacks standing to assert claims under the laws of states other than those where the plaintiff resides or was injured." (Dkt. 21 at 25 (citing *Jones v. Micron Tech. Inc*., 400 F. Supp. 3d 897, 908 (N.D. Cal. 2019) (granting motion to dismiss for lack of standing and collecting cases holding that plaintiffs lacked standing to bring claims under state law where plaintiff did not reside and did not suffer injury)). Plaintiff alleges that she resides in Oregon and purchased the Products in Oregon. (Compl. ¶ 20.[7]) Accordingly, Plaintiff does not have standing to assert claims under California, Florida, Illinois, Maryland, Massachusetts, Minnesota, Missouri, New Jersey, New York, Pennsylvania, and Washington law and those claims should be dismissed. *See* Compl. ¶¶ 69.a, 78-86 (Count I), 87-96 (Count II), 116-120 (Count V).

**C. Plaintiff Has Not and Cannot Plead A Risk of Future Harm Supporting Her Request for Injunctive Relief.**

Plaintiff admits that Del Monte "is correct about the Complaint's insufficient allegations of future harm to obtain injunctive relief." (Opp. at p. 17, fn 4.) Nonetheless, Plaintiff requests dismissal without prejudice so that Plaintiff can allege facts to establish future harm. (*Id.*) Plaintiff's request should be denied and dismissal should be with prejudice. Plaintiff cannot plead any threat of future economic injury because Plaintiff cannot be deceived by the allegedly misleading labeling

---

[6] Plaintiff argues that she may assert *California* claims, but fails to address arguments relating to the assertion of claims under other state's consumer law statutes, citing *Effinger v. Ancient Organics LLC*, No. 22-CV-03596-RS, 2023 WL 2214168, at *7 (N.D. Cal. Feb. 24, 2023). However, *Effinger* holds that "the plaintiff bears the onus to demonstrate the application of California law comports with due process." *Id.* (internal citations omitted). Plaintiff has not made any showing demonstrating that application of California law in this case relating to purchases made in California comports with due process. Accordingly, Plaintiff has not met her burden of demonstrating that she has standing to assert California claims.

[7] Plaintiff fails to address and implicitly concedes that Plaintiff did not purchase products in California, consistent with Plaintiff's counsel's prior representation that Complaint paragraph 20's reference to California was a typographical error.

again (as she allegedly was). Del Monte cited numerous cases in its opening brief demonstrating that courts regularly dismiss deceptive marketing claims seeking injunctive relief in similar circumstances and Plaintiff failed to address that authority. In her complaint, Plaintiff plainly alleges that the Products contain synthetic ingredients. *See* Compl. ¶ 50. In light of this allegation, allowing amendment to assert risk of future harm would be futile as Plaintiff cannot be mislead by the label again.

**D. No Leave to Amend Should be Granted.**

Although leave to amend should be "freely" given under Federal Rule of Civil Procedure 15(a)(2), that liberality does not apply when amendment would be futile. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (leave to amend should be freely given, "unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts"). As illustrated above, any further amendment would be futile as amended pleadings cannot alter the accuracy of Del Monte's labels; thus no leave to amend should be given.

## III. CONCLUSION

For the foregoing reasons, Del Monte respectfully requests that the Court dismiss all counts in Plaintiff's Complaint with prejudice and without leave to amend.

DATED: June 23, 2023

**FOLEY & LARDNER LLP**
Erik K. Swanholt
Kelsey C. Boehm

/s/ *Erik K. Swanholt*
Erik K. Swanholt
Attorneys for Defendant Del Monte Foods, Inc.