**FOLEY & LARDNER LLP**
Erik K. Swanholt (SBN 198042)
*eswanholt@foley.com*
555 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 972-4614; Fax: (213) 972-4757

Kelsey C. Boehm (admitted pro hac vice)
*kboehm@foley.com*
1400 16th Street, Suite 200
Denver, CO 80202
Tel: (720) 437-2013; Fax: (720) 437-2200

*Attorneys for Defendant Del Monte Foods, Inc.*

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kerstine Bryan, individually and on behalf of all others similarly situated, | Case No.: 23-cv-00865-MMC<br>Hearing: 10/20/2023 at 9:00AM |
| Plaintiff, | *Assigned to Hon. Maxine M. Chesney* |
| v. | **DEFENDANT DEL MONTE FOODS, INC.'S NOTICE OF MOTION; AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF AUTHORITIES IN SUPPORT THEREOF** |
| Del Monte Foods, Inc., | |
| Defendant. | |
| | *(Filed concurrently with [Proposed] Order Granting Motion to Dismiss)* |

*United States District Court*
*Northern District of California*

NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No.: 23-cv-00865-MMC

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Friday, October 20, 2023 at 9:00AM Defendant Del Monte Foods, Inc. ("Del Monte") will, and hereby does, move this Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, for an order dismissing the First Amended Complaint filed by Plaintiff Kerstine Bryan ("Plaintiff") with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for the following reason:

1.     All of Plaintiff's claims fail as a matter of law because Plaintiff cannot demonstrate "a probability that a significant portion of the general consuming public or of target consumers, acting reasonably in the circumstances, could be misled" by Del Monte's "fruit naturals" trademark. (Counts I–III.)

Del Monte's Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Proposed Order, accompanying materials, the pleadings and records on file in this action and such additional authority and argument as may be presented at the hearing on this Motion.

DATED: September 8, 2023                    */s/ Kelsey C. Boehm*
                                            **FOLEY & LARDNER LLP**
                                            Erik K. Swanholt, Esq.
                                            Kelsey C. Boehm, Esq. (admitted *pro hac vice*)

                                            *Attorneys for Defendant*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

I.      INTRODUCTION ......................................................................................................... 1

II.     STATEMENT OF THE ISSUE .................................................................................... 2

III.    PLAINTIFF'S ALLEGATIONS AND CLAIMS......................................................... 3

IV.     LEGAL STANDARD ................................................................................................... 3

V.      ARGUMENT ................................................................................................................ 4

    A.      The Complaint Fails to State a Claim Pursuant to Rule 12(b)(6) Because the Product

Packaging Is Not Materially Deceptive to a Reasonable Consumer............................................ 4

VI.     CONCLUSION ............................................................................................................. 9

1

<div align="center">

**TABLE OF AUTHORITIES**

</div>

2

3

Page(s)

4

Cases

5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................................. 3, 4

6

*Bell Atl. Corp. v Twombly*,
550 U.S. 544 (2007) ................................................................................................................. 4

7

*Boswell v. Bimbo Bakeries USA, Inc.*,
570 F. Supp. 3d 89 (S.D.N.Y. 2021) ...................................................................................... 8

8

*Cheslow v. Ghirardelli Chocolate Co.*,
445 F. Supp. 3d 8 (N.D. Cal. 2020) ........................................................................................ 7

9

*Clark v. Westbrae Nat., Inc.*,
No. 20-CV-03221-JSC, 2020 WL 7043879 (N.D. Cal. Dec. 1, 2020) ................................... 8

10

*Erickson v. Pardus*,
551 U.S. 89 (2007) ................................................................................................................... 4

11

*Fink v. Time Warner Cable*,
714 F.3d 739 (2d Cir. 2013) .................................................................................................... 4

12

*Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*,
No. 18-CV-06664-BLF, 2020 WL 5910071 (N.D. Cal. Oct. 6, 2020) ................................... 4

13

*In re Frito-Lay N. Am., Inc. All Nat. Litig.*,
2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) ......................................................................... 8

14

*In re NVIDIA Corp. Sec. Litig.*,
768 F.3d 1046 (9th Cir. 2014) ................................................................................................. 4

15

*McGinity v. Procter & Gamble Co.*,
69 F.4th 1093 (9th Cir. 2023) .......................................................................................... passim

16

17

*Moore v. Mars Petcare US, Inc.*,
966 F.3d 1007 (9th Cir. 2020) ................................................................................................. 8

18

*Moore v. Trader Joe's Co.*,
4 F.4th 874 (9th Cir. 2021) .................................................................................................. 6, 7

19

*Nacarino v. Chobani, LLC*,
No. 20-CV-07437-EMC, 2021 WL 3487117 (N.D. Cal. Aug. 9, 2021) ............................. 4, 5

20

21

*Podpeskar v. Dannon Co., Inc.*,
No. 16-CV-8478 (KBF), 2017 WL 6001845 (S.D.N.Y. Dec. 3, 2017) ................................... 8

22

*Robles v. GOJO Indus., Inc.*,
No. 22-55627, 2023 WL 4946601 (9th Cir. Aug. 3, 2023) ...................................................... 5

23

*Steinberg v. Icelandic Provisoins, Inc.*,
2023 WL 3918257 (9th Cir., June 9, 2023) ............................................................................. 5

24

*Vitort v. Kroger Co.*,
No. 22-35185, 2023 WL 3143690 (9th Cir. Apr. 28, 2023) .............................................. 4, 5, 7

25

*Williams v. Gerber Products Co.*,
552 F.3d 934 (9th Cir. 2008) ................................................................................................... 8

26

27

<div align="center">

iv

NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFF'S FIRST AMENDED
COMPLAINT
Case No.: 23-cv-00865-MMC

</div>

28

*Workman v. Plum Inc.,*
    141 F. Supp. 3d 1032 (N.D. Cal. 2015*)* ........................................................................................ 8

Rules

Federal Rule of Civil Procedure 12(b)(6) ...........................................................................ii, iii, 3, 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

In the wide-ranging First Amended Class Action Complaint ("Compl."), Plaintiff Kerstine Bryan asserts that she bought Del Monte food products in Oregon (Mango Chunks and Peach Chunks) with "deceptive" labels that claimed the Products were "natural" through their use of Del Monte's "fruit naturals®" trademark. First, the Products at issue have not used the "fruit naturals®" trademark since 2020 and instead have a flag on the top right corner that reads "new look for fruit naturals" (see Amended Complaint and below). This reference tool for the prior version of the label has been on the shelves long before Plaintiff purportedly bought a "fruit naturals®" trademarked product in 2023; in short, the Complaint is simply wrong on that front.[1] Thus, there is no claim that the Products are natural at all; the labels merely and literally alert consumers that Del Monte is using a "new look" for the former "fruit naturals" branded product. It is not and cannot be the law that a product label simply referring to the prior iteration's trademark that happens to include the word "naturals" means that a reasonable consumer will read that label to mean the product contains only natural ingredients as Plaintiff claims. This type of legal theory has been rejected many times.

Moreover, the Complaint ignores the fact that the Products' label specifically discloses a list of ingredients (including the artificial ingredients Plaintiff complains of). Despite this clear disclosure, Plaintiff brings suit alleging violation of California and Oregon false advertising laws for *any* Del Monte refrigerated fruit cup product referring to the trademark (whether she purchased it or not). Plaintiff alleges that, despite valuing products without artificial ingredients, she did not read enough of the labels on the Products to find the ingredients list disclosing that the Products contain the artificial ingredients. This claim strains credulity. Compl. ¶ 6 (pictured left); Swanholt Decl. Ex. A (pictured right).

---

[1] In other words, the labels pictured on the lefthand side of page 11 of the Complaint have not been on the shelves since 2020 meaning that if Plaintiff actually bought these products, she would have purchased products containing the label depicted on the righthand side of page 12.


1
2
3
4
5
6
7
8
9
10
11
12




13    The labels are clear and accurate and surely not ambiguous at all; but even if they are

14 ambiguous, under controlling Ninth Circuit law, when a front label is ambiguous, the ambiguity

15 must be resolved by reference to information available to the consumer such as the back label's

16 ingredient list. *McGinity v. Procter & Gamble Co.,* 69 F.4th 1093, 1098 (9th Cir. 2023) (holding

17 that "no reasonable consumer would think that the products are either completely or substantially

18 natural" when the back label discloses synthetic ingredients). While the Court addressed the

19 reasonable consumer standard on Del Monte's prior motion to dismiss, the Court did not address

20 this (and other) recent controlling precedent reflected in orders dated after Del Monte filed its motion

21 to dismiss the original Complaint. Upon consideration of this controlling and analogous precedent,

22 it becomes even more clear that Plaintiff's claims are implausible and futile: no reasonable consumer

23 would be misled by Del Monte's Products' labels as a matter of law. Therefore, all of Plaintiff's

24 claims (Counts I, II, III) must be dismissed, with prejudice.

25 **II.    STATEMENT OF THE ISSUE**

26    A statement of the key issue to be decided by this Motion includes:

27
28

- Whether Plaintiff has satisfied the reasonable consumer standard by plausibly alleging "the probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled" by Del Monte's Product labels?

### III.  PLAINTIFF'S ALLEGATIONS AND CLAIMS

Plaintiff Kerstine Bryan alleges that she purchased two Del Monte fruit cup products—Mango Chunks and Peach Chunks—in Oregon in January 2023. (Compl. ¶ 20.a.) Plaintiff purports to assert claims relating to any Del Monte refrigerated fruit cup food products containing the "fruit naturals" language on the package (the "Products"). (*Id.* ¶ 1.) Plaintiff asserts that she and the proposed class "value natural products for important reasons, including the belief that they are safer and healthier than alternative products" and "relied on Defendant's misrepresentations that the Products are 'natural' when purchasing the Products." (Compl. ¶¶ 12, 27.) Despite Plaintiff's claimed interest in purchasing natural products without synthetic ingredients and her purported review and reliance on the Products' labels, Plaintiff disclaims any ability to understand and read the Products' ingredient labels. (Compl. ¶¶ 51-53.)

Plaintiff purports to assert claims under California's Unfair Competition Law ("UCL") (Count I), False Advertising Law ("FAL") (Count II) and Oregon's Unlawful Trade Practices Act ("UPTA") (Count III).

### IV.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 677.

Determining whether a complaint survives a motion to dismiss for failure to state a claim is

3
NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No.: 23-cv-00865-MMC

a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft,* 556 U.S. at 679. In making this context-specific evaluation, this Court must construe the complaint in the light most favorable to the plaintiffs and accept as true the well-pleaded factual allegations of the complaint. *See Erickson v. Pardus,* 551 U.S. 89, 93–94 (2007). However, this presumption does not apply to "a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While the Court is limited to the complaint's factual allegations, it may consider documents attached to or incorporated by the pleading or information judicially noticeable. *See In re NVIDIA Corp. Sec. Litig.,* 768 F.3d 1046, 1051 (9th Cir. 2014).

## V.    ARGUMENT

    **A.    The Complaint Fails to State a Claim Pursuant to Rule 12(b)(6) Because the Product Packaging Is Not Materially Deceptive to a Reasonable Consumer.**

        Plaintiff's state consumer protection claims fail because Plaintiff cannot allege that the Products' packaging would mislead a reasonable consumer. *See* Compl. Counts I and II (California UCL and FAL); and III (Oregon UTPA). Both California and Oregon state consumer protection statutes apply a reasonable consumer standard. *McGinity,* 69 F.4th 1093, 1097; *Vitort v. Kroger Co.,* No. 22-35185, 2023 WL 3143690, at *1 (9th Cir. Apr. 28, 2023). Courts may determine at the Rule 12 stage that a reasonable consumer theory is not plausible as a matter of law. *McGinity,* 69 F.4th at 1100 ("we hold that [plaintiff] has not successfully shown that P&G's 'Nature Fusion' labeling is deceptive as a matter of law"); *see also Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) ("It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer."); *Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*, No. 18-CV-06664-BLF, 2020 WL 5910071, at *13, *19-20 (N.D. Cal. Oct. 6, 2020) (plaintiffs "failed to plausibly allege that a reasonable consumer would believe that the Products labeled natural are free of any trace pesticides whatsoever"); *Nacarino v. Chobani, LLC*, No. 20-CV-07437-EMC, 2021 WL 3487117, at *5 (N.D. Cal. Aug. 9, 2021) (holding that complaint based

on front labels' "vanilla" representation "fails to state a deceptive labeling claim as a matter of law").

Under the "reasonable consumer" standard, plaintiffs must plausibly allege "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *McGinity*, 69 F.4th at 1097 (internal citation omitted); *accord Nacarino v. Chobani, LLC*, 2021 WL 3487117, at *4. "The reasonable consumer standard requires more than the mere possibility that the label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" *McGinity*, 69 F.4th at 1097 (internal citation omitted). "This is 'not a negligible burden' and 'a plaintiff's unreasonable assumptions about a product's label will not suffice' to prevent dismissal." *Robles v. GOJO Indus., Inc.*, No. 22-55627, 2023 WL 4946601, at *1 (9th Cir. Aug. 3, 2023). Courts may consider the viability of the alleged consumer law claims based on its review of the product packaging in a motion to dismiss. *Id.* In fact, when the representation on the front of the label is ambiguous, the court "*must* consider what additional information other than the front label was available to consumers[.]" *McGinity*, 69 F.4th at 1098 (emphasis added). This includes the ingredient list listing ingredients "that are synthetic and that a reasonable consumer would not think are natural." *Id.* at 1099.

The Ninth Circuit has issued four controlling decisions in the last five months mandating dismissal of Plaintiff's complaint here. *See McGinity*, 69 F.4th at 1098 (affirming a district court's dismissal of consumer protection claims based on "Nature Fusion" representation at the pleading stage when the product's back label ingredient list disclosed that the product contains synthetic ingredients); *Steinberg v. Icelandic Provisoins, Inc.*, 2023 WL 3918257 (9th Cir., June 9, 2023) (affirming dismissal of complaint because it failed to allege product's front label would deceive a reasonable consumer because ambiguity is resolved by reference to the back label); *Robles v. GOJO Indus., Inc.*, No. 22-55627, 2023 WL 4946601, at *1 (9th Cir. Aug. 3, 2023) (plaintiff "fails to state a plausible claim that the reasonable consumer would be misled into thinking the product kills 99.9% of all germs in existence" based on front label representation stating "Kills More than 99.99% of Germs" when back label clarifies that the product "Kills 99.99% of most common germs that may

NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFF'S FIRST AMENDED
COMPLAINT
Case No.: 23-cv-00865-MMC

cause illness."); *Vitort v. Kroger Co.*, No. 22-35185, 2023 WL 3143690, at *1 (9th Cir. Apr. 28, 2023) (affirming dismissal of Oregon UTPA claim based on "Just Fruit" representation because it "is not likely to mislead a significant portion of reasonable grocery shoppers").

The most analogous decision was issued on June 9, 2023, after Del Monte filed its first motion to dismiss Plaintiff's complaint. *McGinity*, 69 F.4th at 1098. In that case, the plaintiff asserted claims based on front product label's displaying the words "Nature Fusion" in bold, capitalized letters with an image of an avocado on a green leaf contending that such label represented that the products "are natural when, in fact, they contain non-natural and synthetic ingredients." *McGinity*, 69 F.4th at 1095-1096. The court recognized that the front label representation could have competing interpretations,[2] and that in light of the ambiguity, the court "*must consider* what additional information other than the front label was available to consumers of the P&G products." *Id.* at 1098 (citing *Moore v. Trader Joe's Co.,* 4 F.4th 874, 882-83 (9th Cir. 2021) (emphasis added)). In *McGinity*, the court observed that the back label ingredient list included the ingredients that the plaintiff alleged are synthetic and that "no reasonable consumer would think that the products are either completely or substantially natural." *Id.* at 1099.

In the case at bar, Plaintiff asserts three consumer protection claims based on a variation of "natural" used on the front of the Products' label in reference to the product line formally branded as "fruit naturals®". Like in *McGinity*, the statement "new look for fruit naturals" clearly does not make any affirmative representation that the product is "all natural" or provide any information regarding what proportion of the ingredients are natural (*e.g.,* "100% natural" or "all natural", which the Ninth Circuit recognized could be misleading) and instead could mean a number of things.[3] In

---

[2] The court noted that the "Nature Fusion" label "does not make any affirmative promise about what proportion of the ingredients are natural." *Id.* at 1098. Instead, it "could mean any number of things: that the products are made with a mixture of natural and synthetic ingredients, that the products are made with a mixture of different natural ingredients, or something else entirely." *Id.*

[3] *E.g.* "that the products are made with a mixture of natural and synthetic ingredients, that the products are made with a mixture of different natural ingredients, or something else entirely" (*id.* at 1098), such as a simple reference to Del Monte's "fruit naturals®" trademark.

light of the potential ambiguity, the Court "must consider what additional information…was available to consumers of the" Products. *Id.* at 1098. Here, the back label dispels any ambiguity or potential to mislead in its disclosure of the precise synthetic ingredients that Plaintiff complains of. *Compare* Compl. ¶¶ 50.a (citric acid), 50.f (potassium sorbate) *with* Swanholt Decl. Ex. B (mango chucks' ingredient label listing citric acid and potassium sorbate). Accordingly, "[w]ith the entire product in hand…no reasonable consumer would think that the products are either completely or substantially natural" and Plaintiff's consumer protection claims must be dismissed. *McGinity*, 69 F.4th at 1099[4].

The Ninth Circuit's recent decision in *Vitort v. Kroger Co.* is also on point. No. 22-35185, 2023 WL 3143690, at *1 (9th Cir. Apr. 28, 2023). In *Vitort*, plaintiff asserted violation of Oregon's UTPA based on defendant's product label stating "Just Fruit" when the product contained fruit-based sweeteners, such as fruit syrup and citric acid (similar to the Products in this case). In *Vitort*, the court held that a reasonable consumer would not interpret the representation "Just Fruit" on a spreadable fruit product to mean that the product did not contain any added sweeteners because spreadable fruit products tend to contain added sugars. *Id.* at *2 (citing *Moore v. Trader Joe's Co.*, 4 F.4th 874, 883–85 (9th Cir. 2021)). Here too, the representation must be interpreted taking into account the general characteristics of the relevant products. The single-serve fruit Products at-issue here are fruit chunks in syrup. The general characteristics of such products include: (i) fruit chunks, and (ii) a packing medium that includes artificial sweeteners and preservatives. Plaintiff does not allege, nor is Del Monte aware of, any comparable single serve fruit products available on the market that do not contain any artificial sweeteners or preservatives.

Regardless of how a consumer might interpret the characteristics of the Products at issue, the Products' label specifically disclaims that all ingredients in the Products are natural through the

---

[4] Plaintiff's reliance on the often-touted belief that courts in the 9th circuit do not require consumers to read anything other than the front label of a consumer product was emphatically dispelled. *Id.* at 1098 ("McGinity contends that circuit precedent precludes P&G from relying on the back ingredient list to derive the meaning of 'Nature Fusion.' We disagree.")

ingredients label disclosure of the artificial ingredients. *Cheslow v. Ghirardelli Chocolate Co*., 445 F. Supp. 3d 8, 20 (N.D. Cal. 2020) ("District courts also recognize that where the actual ingredients are disclosed, a plaintiff may not ignore the ingredient list."). Plaintiff's conduct, as alleged, is not that of a reasonable consumer acting reasonably under the circumstances. Plaintiff insists that she wants to avoid products containing artificial ingredients and that she read in relied on the "new look for fruit naturals" statement when purchasing the Products but failed to read the adjacent ingredients label that specifically discloses the same ingredients that Plaintiff now complains of. *Compare* Compl. ¶ 50 *with* Swanholt Decl. Ex. A. Any reasonable consumer[5] concerned about the type or form of fruit in the Products would simply read the ingredient label, which fully discloses the type and form of the ingredients. *See Workman v. Plum Inc.,* 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015*)* ("[R]easonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging.") (quoting *Williams v. Gerber Products Co.,* 552 F.3d 934, 939 (9th Cir. 2008)); *Boswell v. Bimbo Bakeries USA, Inc.*, 570 F. Supp. 3d 89, 95 (S.D.N.Y. 2021) (A reasonable consumer that wants to avoid artificial or synthetic ingredients "would know exactly where to look."). In short, "if common sense would not lead anyone to be misled, then the claim may be disposed of at a motion to dismiss stage." *Moore v. Mars Petcare US, Inc*., 966 F.3d 1007, 1018 (9th Cir. 2020). Common sense requires dismissal here.[6]

---

[5] Plaintiff's reliance on various outdated governmental agency "draft guidance" and "warnings" is irrelevant to the Court's reasonable consumer analysis. *See* Compl. ¶¶ 34-38; *see also In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413 RRM RLM, 2013 WL 4647512, at *10 (E.D.N.Y. Aug. 29, 2013) (FDA non-binding guidance does not have the force of law); *Podpeskar v. Dannon Co., Inc.*, No. 16-CV-8478 (KBF), 2017 WL 6001845 (S.D.N.Y. Dec. 3, 2017) (noting FDA policy was "informal" and non-binding). The FDA commentary is silent as to clarifying language's effect on a "reasonable consumer," including the type that appears plainly here on the Products' labels. *See Clark v. Westbrae Nat., Inc.*, No. 20-CV-03221-JSC, 2020 WL 7043879, at *4 (N.D. Cal. Dec. 1, 2020) (rejecting plaintiffs' reliance on FDA regulations as having no bearing on reasonable consumer analysis).

[6] To the extent Plaintiff argues that she also purchased Del Monte's refrigerated fruit cup product in 2020 and before when it still had the fruit naturals® trademark (she does not), the claim still fails as

NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFF'S FIRST AMENDED COMPLAINT
Case No.: 23-cv-0865-MMC

## VI.     CONCLUSION

For the foregoing reasons, Del Monte respectfully requests that the Court dismiss all counts in Plaintiff's Complaint with prejudice.

DATED: September 8, 2023

**FOLEY & LARDNER LLP**
Erik K. Swanholt
Kelsey C. Boehm (pro hac vice)


/s/ Kelsey C. Boehm
Kelsey C. Boehm
Attorneys for Defendant Del
Monte Foods, Inc.

---

the label still contained the ingredient list including reference to synthetic ingredients.  Moreover, the trademarked language is not a "claim" about the contents of the Products and reasonable consumers know the difference.