1

2
**POPE MCGLAMRY PC**
Michael L. McGlamry*
3
Caroline G. McGlamry (SBN #308660)
3391 Peachtree Road NE, Suite 300
4
Atlanta, GA 30326
Tel: (404) 523-7706
5
efile@pmkm.com
**\*Pro hac vice*

6

7
**GOOD GUSTAFSON AUMAIS LLP**
J. Ryan Gustafson (Cal. Bar No. 220802)
8
2330 Westwood Blvd., No. 103
Los Angeles, CA 90064
9
Tel: (310) 274-4663
jrg@ggallp.com
10

11
**THE KEETON FIRM LLC**
Steffan T. Keeton, Esq.**
12
100 S Commons, Ste 102
Pittsburgh PA 15212
13
Tel: (888) 412-5291
stkeeton@keetonfirm.com
14
**\*\*Pro hac vice* forthcoming

15
*Counsel for Plaintiff and the Proposed Class*

16
UNITED STATES DISTRICT COURT

17
NORTHERN DISTRICT OF CALIFORNIA

18

19
KERSTINE BRYAN, individually, | CASE NO. 23-cv-00865-MMC
20
and on behalf of those similarly
situated,
21
| **PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION TO**
22
Plaintiff, | **DISMISS FIRST AMENDED**
**COMPLAINT**
23
v.
24
| Date: October 20, 2023
DEL MONTE FOODS, INC., | Time: 9:00 a.m.
Courtroom: 7
25
Defendant. | Judge: Hon. Maxine M. Chesney
26
| Case Filed: February 24, 2023
27
| (Filed concurrently with [Proposed] Order
28
Denying Motion to Dismiss)

1

2

## **TABLE OF CONTENTS**

3

4

I.      INTRODUCTION ............................................................................................. 1

5

II.     BACKGROUND ............................................................................................. 2

6

        A.     The First Amended Complaint ................................................................ 2

7

        B.     Defendant's Repetitive Arguments.......................................................... 2

8

III.    ARGUMENT .................................................................................................. 3

9

        A.     Defendant's Motion is Procedurally Improper ....................................... 3

10

        B.     Plaintiff Alleges Deceptive Conduct. ...................................................... 4

11

IV.     CONCLUSION ............................................................................................... 7

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **TABLE OF AUTHORITIES**

2

**CASES**

*Bryan v. Del Monte Foods, Inc.*,

No. 23-CV-00865-MMC, 2023 WL 4758452 (N.D. Cal. July 25, 2023) ................ 5, 6

*Earth Island Inst. v. Wheeler*,

No. 20-CV-00670-WHO, 2020 WL 12044119 (N.D. Cal. Sept. 1, 2020) ................... 4

*In re Apple iPhone Antitrust Litig.*,

No. 11-CV-06714-YGR, 2013 WL 4425720 (N.D. Cal. Aug. 15, 2013) ..................... 1

*In re Packaged Seafood Prod. Antitrust Litig.*,

277 F. Supp. 3d 1167 (S.D. Cal. 2017)................................................................... 4

*Lemberg v. San Francisco Opera Ass'n*,

No. 17-CV-06641-MMC, 2017 WL 11591110 (N.D. Cal. Dec. 7, 2017) ................... 4

*McGinity v. Procter & Gamble Co.*,

69 F.4th 1093 (9th Cir. 2023) ................................................................................ 5

*McGinity v. Procter & Gamble Co.*,

No. 4:20-CV-08164-YGR, 2021 WL 3886048 (N.D. Cal. Aug. 31, 2021) .............. 1, 5

*Robles v. GOJO Indus., Inc.*,

No. 22-55627, 2023 WL 4946601 (9th Cir. Aug. 3, 2023) ....................................... 6

*Souter v. Edgewell Pers. Care Co.*,

No. 22-55898, 2023 WL 5011747 (9th Cir. Aug. 7, 2023) ....................................... 6

*United States v. Zavalidroga*,

No. 96-CR-00146-MMC-1, 2018 WL 4998144 (N.D. Cal. Oct. 15, 2018)................... 4

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GOOD GUSTAFSON AUMAIS LLP**

1

## I.    INTRODUCTION

2

In "Round 2" of Defendant's Motion to Dismiss (the "Motion"), it improperly

3

attempts to re-raise arguments that were raised by the Defendant and rejected by the

4

Court just two months ago. Defendant's Motion is a motion for reconsideration

5

presented under the guise of a Rule 12 motion. However, Defendant fails to satisfy

6

any of the requirements for a motion for reconsideration. Defendant is dissatisfied

7

with the Court's ruling on its initial motion, but that does not grant it the ability to

8

file successive motions with repetitive arguments. In other words, Defendant "does

9

not enjoy an unbridled ability to file successive motions to dismiss. Successive

10

motions under Rule 12(b) are generally not permissible and create significant

11

inefficiencies within the court system." *In re Apple iPhone Antitrust Litig.*, No. 11-CV-

12

06714-YGR, 2013 WL 4425720, at *13 (N.D. Cal. Aug. 15, 2013). The law and the

13

facts are the same, however, Defendant desires a different outcome from the Court's

14

15

ruling just two months ago. Thus, Defendant's request for reconsideration is

16

procedurally barred from being raised in a subsequent, successive motion to dismiss.

17

Further, even if the Court were to consider Defendant's successive, repetitive

18

arguments, the previous decision would remain unchanged because Defendant's use

19

of "naturals" is significantly[1] different than the representations made in *McGinity*,

20

21

Plaintiff's citation of studies is dissimilar to the survey data provided in *McGinity*,

22

and the Products' back label fails to dispel Defendant's deception.

23

24

25

26

27

[1] *McGinity v. Procter & Gamble Co.*, No. 4:20-CV-08164-YGR, 2021 WL 3886048, at *3 (N.D. Cal. Aug. 31, 2021) ("[Defendant's] lack of use of the word 'Natural' in its labeling and packaging is significant.").

28

– 1 –

GOOD GUSTAFSON AUMAIS LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.   BACKGROUND

### A.   The First Amended Complaint

Plaintiff, in her First Amended Complaint, carefully reviewed the Court's order on Defendant's motion to dismiss and made the appropriate amendments as directed by the Court. Plaintiff did not change her theory of deception or add new claims or parties. Notably, Defendant fails to address Plaintiff's amendments and focuses solely on arguments previously raised and rejected in its first motion.

### B.   Defendant's Repetitive Arguments

Defendant's second motion to dismiss merely restates arguments that were already rejected by the Court in its prior order. In fact, in many instances, there is no restatement as Defendant simply repeats word-for-word the same arguments and citations to law that the Court rejected. For example:

| Second Motion to Dismiss | Reply Brief for First Motion |
| --- | --- |
| "Thus, there is no claim that the Products are natural at all; the labels merely and literally alert consumers that Del Monte is using a 'new look' for the former 'fruit naturals' branded product. It is not and cannot be the law that a product label simply referring to the prior iteration's trademark that happens to include the word 'naturals' means that a reasonable consumer will read that label to mean the product contains only natural ingredients...." (Introduction, first paragraph, p. 1). | "Indeed, there is no claim that the Products are natural at all; the labels merely and literally alert consumers that Del Monte is using a 'new look' for the former 'fruit naturals' product.1 It is not and cannot be the law that a product label simply referring to the prior iteration's trademark that happens to include the word 'naturals' means that a reasonable consumer will read that label to mean the product contains only natural ingredients." (Introduction, first paragraph, p. 1). |

– 2 –

GOOD GUSTAFSON AUMAIS LLP

1

2

3

4

5

6

7

8

| | |
|---|---|
| "The labels are clear and accurate and surely not ambiguous at all; but even if they are ambiguous, under controlling Ninth Circuit law, when a front label is ambiguous, the ambiguity must be resolved by reference to information available to the consumer such as the back label's ingredient list." (citing *McGinity*) (Introduction, third paragraph, p. 2). | "The labels are clear and accurate and surely not ambiguous at all; but even if they are ambiguous, under controlling Ninth Circuit law, when a front label is ambiguous, the ambiguity must be resolved by reference to information available to the consumer such as the back label's ingredient list." (citing *McGinity*) (Introduction, first paragraph, p. 1). |

9

10

11

Defendant's tactics are procedurally improper and are presented solely for creating delay for the Court and this case.

12   **III.   ARGUMENT**

13      **A.   Defendant's Motion is Procedurally Improper**

14   While presented as a motion to dismiss, the Motion is more accurately

15   described as a motion for reconsideration. Defendant makes the same argument

16   based on the same facts with no material change in the law.[2] Thus, Defendant would

17   like the Court to reverse its well-reasoned opinion despite failing to meet any of the

18   paths for reconsideration.

19

20   A party seeking reconsideration is limited to three paths:

21

22   (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the [challenged] order," and the party seeking reconsideration could not, with "reasonable diligence," have known of such fact or law at the time of the order; (2) the "emergence of new material facts or a change of law occurring after the time of such order"; (3) a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such ... order."

23

24

25

26

27

28

---

[2] Defendant cites only a single case that occurred after the close of briefing in its initial motion to dismiss. Even then, that case – discussed *infra* – is not on point to the facts *sub judice*.

GOOD GUSTAFSON AUMAIS LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Lemberg v. San Francisco Opera Ass'n*, No. 17-CV-06641-MMC, 2017 WL 11591110, at *1 (N.D. Cal. Dec. 7, 2017). Here, Defendant "has made no showing as to any of the above grounds for reconsideration." *Id*. Instead, Defendant "does no more than repeat arguments made" in its previous motion to dismiss.[3] *United States v. Zavalidroga*, No. 96-CR-00146-MMC-1, 2018 WL 4998144, at *1 (N.D. Cal. Oct. 15, 2018). The first path is not available because there has been no material change in fact or law, and Defendant cites to near identical cases in both motions. The second path is also not available because Defendant cites to a single, dissimilar case that was filed after the close of briefing in the initial motion to dismiss. The third path is not available because Defendant's disagreement with the Court's well-reasoned opinion does not substantiate "a manifest failure by the Court." *Earth Island Inst. v. Wheeler*, No. 20-CV-00670-WHO, 2020 WL 12044119, at *1 (N.D. Cal. Sept. 1, 2020) ("While it is clear that the EPA disagrees with my interpretation, that is not grounds for reconsideration."). Because Defendant fails to meet any of the three avenues to bring a motion for reconsideration, the Motion should be denied.

### B.    Plaintiff Alleges Deceptive Conduct.

Plaintiff plausibly alleges that Defendant's labels are misleading to a reasonable consumer. *See Bryan v. Del Monte Foods, Inc.*, No. 23-CV-00865-MMC, 2023 WL 4758452, at *6 (N.D. Cal. July 25, 2023). The primary case cited by

---

[3] To the extent that Defendant later asserts that the arguments were not previously raised, they too fail under Rule 12(g)(2). Defendant may not stall the proceedings and delay the Court by filing successive motions to dismiss raising attacks on the Complaint that were previously available. *In re Packaged Seafood Prod. Antitrust Litig.*, 277 F. Supp. 3d 1167, 1174 (S.D. Cal. 2017) (Rule 12(g) protects from defendant "continually hamstring[ing] a plaintiff with wave after wave of motions to dismiss.").

– 4 –

**GOOD GUSTAFSON AUMAIS LLP**

1   Defendant[4] is *McGinity*. However, while both cases concern false claims premised on

2   "natural" representations, the facts greatly differ.

3       First, the district court in *McGinity* found that defendant's use of "nature" –

4   rather than "natural" – was "significant" in making its decision. *McGinity v. Procter*

5   *& Gamble Co.*, No. 4:20-CV-08164-YGR, 2021 WL 3886048, at *3 (N.D. Cal. Aug. 31,

6
    2021) ("[Defendant's] lack of use of the word 'Natural' in its labeling and packaging is
7
    significant."). Here, the Products' label proclaims "fruit **naturals**" with a bolded
8
    emphasis on "naturals."
9
        Second, the survey data in *McGinity* presented by plaintiff showed that the
10
11  representations were not misleading. *McGinity v. Procter & Gamble Co.*, 69 F.4th

12  1093, 1096 (9th Cir. 2023) ("69.2% of consumers thought that the phrase "Nature
13
    Fusion" meant that the product contained both natural and synthetic ingredients.").
14
    Here, the First Amended Complaint includes numerous references to studies showing
15
16  that Plaintiff's interpretation is the same as the majority of consumers. FAC, ¶40

17  n.10 ("The vast majority of respondents stated a belief that 'natural' signals no
18
    artificial flavors, colors and/or preservatives."); FAC, ¶39 (cites consumer studies
19
20  indicating that 86% of consumers align with Plaintiff's interpretation of "natural.").

21  "Consumer surveys offer opportunities for the court ... to see current consumer

22  understandings of [ ] products as well as identify points of ambiguity, confusion, or
23
    blatant falsity amongst the labeling." *McGinity*, 69 F.4th at 1100.
24
25      Third, while Defendant claims that Defendant's deception may be clarified by

26  examining the ingredients list on the back label, that argument fails. The argument

27  _____

28  [4] It is heavily cited throughout both the Reply from the first motion and the opening
    brief from the current motion.

– 5 –

would be successful if the representation was "contains only fruit," but that is not the case *sub judice.* The ingredients list conveys that other ingredients are present in the product, but it fails to indicate that the other ingredients are synthetic. The ordinary reasonable consumer is not aware of an ingredient's status as synthetic or natural based solely on the ingredient's name.[5] *Souter v. Edgewell Pers. Care Co.*, No. 22-55898, 2023 WL 5011747, at \*2 (9th Cir. Aug. 7, 2023) ("The ordinary reasonable consumer has very little scientific background."). As the Court  noted in its earlier opinion,  "the ingredient list's inclusion of synthetic ingredients does not support dismissal of Bryan's claims." *Bryan v. Del Monte Foods, Inc.*, No. 23-CV-00865-MMC, 2023 WL 4758452, at \*6 (N.D. Cal. July 25, 2023).

Additionally, Defendant raises only a single case that occurred after the close of briefing in its original motion to dismiss. *See Robles v. GOJO Indus., Inc.*, No. 22-55627, 2023 WL 4946601, at \*2 (9th Cir. Aug. 3, 2023) ("Rather than contradict the front label, the back label explains to the consumer what population of germs the 99.99% claim applies to: 'most common germs that may cause illness.'"). However, *Robles* is not on point because the back label in this case presents no clarification of Defendant's deception. To potentially fit into the *Robles* prism, the Products' back label would need to include language relaying that the Products contained synthetic ingredients or contained only X% natural ingredients. The label does not include this language or any other similar language. Upon re-examination, the cases cited by Defendant fail to present sufficient support to demand the Court disturb its well-reasoned opinion on the first motion to dismiss.

---

[5] For example, dihydrogen monoxide might sound like a synthetic ingredient, but there is no doubt that water is a natural ingredient.

GOOD GUSTAFSON AUMAIS LLP

**IV. CONCLUSION**

Plaintiff respectfully asks that the Court deny Defendant's Motion. To the extent that the Court determines any claim is deficient, Plaintiff respectfully requests leave to amend pursuant to Fed. R. Civ. P. 15.

Dated: September 22, 2023

Respectfully submitted,

**GOOD GUSTAFSON AUMAIS LLP**
/s/ J. Ryan Gustafson
J. Ryan Gustafson
Cal. Bar No. 220802
jrg@ggallp.com
2330 Westwood Blvd., No. 103
Los Angeles, CA 90064
Tel.: (310) 274-4663

**POPE MCGLAMRY PC**
Michael L. McGlamry*
Caroline G. McGlamry (SBN # 308660)
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Tel.: (404) 523-7706
efile@pmkm.com
*Pro hac vice*

**THE KEETON FIRM LLC**
Steffan T. Keeton, Esq.**
stkeeton@keetonfirm.com
100 S Commons, Ste. 102
Pittsburgh, PA 15212
Tel.: (888) 412-5291
**Pro hac vice forthcoming*

*Counsel for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of September, 2023, a true and correct copy of this Memorandum was filed with the Court via the Electronic Case Filing System, and was served on all counsel of record through the same means.

/s/ J. Ryan Gustafson

J. Ryan Gustafson, Esq.

GOOD GUSTAFSON AUMAIS LLP

Plaintiff's Opposition to Defendant's Motion to Dismiss First Amended Complaint
*Bryan v. Del Monte Foods, Inc.*, No. 23-cv-00865-MMC