IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERSTINE BRYAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEL MONTE FOODS, INC.,<br><br>　　　　Defendant. | Case No. 23-cv-00865-MMC<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 31 |

Before the Court is defendant Del Monte Foods, Inc.'s ("Del Monte") Motion, filed September 8, 2023, "to Dismiss First Amended Complaint" pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Kerstine Bryan ("Bryan") has filed opposition, to which Del Monte has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

## BACKGROUND

Del Monte is a Delaware corporation with a principal place of business in California. (See First Am. Class Action Compl. ("FAC") ¶ 21, Dkt. No. 1.) Bryan, a "citizen of Oregon," alleges she purchased, "at retailers throughout Oregon," fruit cups manufactured by Del Monte, specifically, "Mango Chunks and Peach Chunks," and that she did so in reliance on an assertedly false and misleading statement made on their respective front labels. (See FAC ¶ 20.)

Specifically, Bryan alleges that in purchasing the fruit cups, she saw and relied on the phrase "fruit naturals," with a bolded emphasis on "naturals" (see FAC ¶¶ 42, 43),

---

[1] By order filed October 16, 2023, the Court took the matter under submission.

which she understood to mean the products "contained only natural ingredients" (see FAC ¶ 44), when, in fact, they "contain[ed] multiple synthetic ingredients," including citric acid, potassium sorbate, sodium benzoate, and methylcellulose gum (see FAC ¶¶ 49-50). Bryan further alleges that other Del Monte products (hereinafter, together with Mango Chunks and Peach Chunks, the "Products") include the same "fruit naturals" phrase on their front labels, despite containing the same synthetic ingredients. (See FAC ¶¶ 1 n.1, 42, 50.)

    Based on said allegations, Bryan, on her own behalf and on behalf of two putative classes, asserts the following three claims for relief: (1) "Violation of California's Unfair Competition Law ('UCL'), Cal. Bus. & Prof. Code § 17200, et seq." (Count I);[2] (2) "Violation of The False Advertising Law ('FAL'), Cal. Bus. & Prof. Code § 17500, et seq." (Count II);[3] (3) "Violation of Oregon's Unlawful Trade Practices Act ('UTPA')" (Count III).[4]

    By the instant motion, Del Monte seeks an order dismissing the FAC in its entirety for failure to state a claim.[5]

---

[2] Bryan asserts the UCL claim on her own behalf and on behalf of a "Nationwide Class" comprised of "[a]ll persons who purchased [Del Monte's] Products within the United States and within the applicable statute of limitations period." (See FAC ¶¶ 69b, 79.)

[3] Bryan asserts the FAL claim on her own behalf and on behalf of the Nationwide Class. (See FAC ¶ 88.)

[4] Bryan asserts the UTPA claim on her own behalf and on behalf of an "Oregon Class" comprised of "[a]ll persons who purchased [Del Monte's] Products within the State of Oregon and within the applicable statute of limitations period." (See FAC ¶¶ 69a, 98.)

[5] Bryan argues Del Monte's motion is "procedurally improper" in that it "is a motion for reconsideration presented under the guise of a Rule 12 motion." (See Pl.'s Opp'n to Def.'s Mot. to Dismiss FAC ("Pl.'s Opp'n") at 1:4-5, 3:13, Dkt. No. 38.) Del Monte, however, is "not seeking reconsideration of the Court's prior [o]rder, but rather is responding to [the] new complaint." See Bruton v. Gerber Prod. Co., 2014 WL 172111, at *7 n.2 (N.D. Cal. Jan. 15, 2014) (explaining "amended complaint supercedes the original complaint and renders it without legal effect"); see also Sidebotham v. Robison, 216 F.2d 816, 823 (9th Cir. 1954) (holding "on filing a third amended complaint which carried over the causes of action of the second amended complaint, the [defendants] were free to challenge the entire new complaint"); In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig., 758 F. Supp. 2d 1077, 1098 (S.D. Cal. 2010) (holding court not barred "from considering [defendant's] motion to

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than . . . a formulaic recitation of the elements of a cause of action." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss," however, "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," see Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**DISCUSSION**

There is no dispute that each of the above-listed claims is "governed by the reasonable consumer test," see Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008) (internal quotation and citation omitted), under which a plaintiff must "show that

---

dismiss" claim that had already withstood previous motion to dismiss; noting "[r]ather than proceed with only th[at] claim . . . , [p]laintiffs chose to file an amended complaint").

1    members of the public are likely to be deceived" by the challenged representation, see id.
2    (internal quotation and citation omitted).

3    In the instant motion, Del Monte argues that "no reasonable consumer would be
4    misled by Del Monte's Products' labels as a matter of law." (See Def.'s Mot. to Dismiss
5    FAC ("Def.'s Mot.") at 2:22-23, Dkt. No. 31.) In support thereof, Del Monte relies on
6    McGinity v. Procter & Gamble Co., 69 F.4th 1093 (9th Cir. 2023), a decision issued on
7    June 9, 2023, after Del Monte's motion to dismiss Bryan's initial complaint and Bryan's
8    opposition thereto had been filed, in which decision the Ninth Circuit holds that where "a
9    front label is ambiguous," courts "must consider what additional information other than
10   the front label was available to consumers of [defendant's] products," see id. at 1098-99
11   (noting "the ambiguity can be resolved by reference to the back label"). In McGinity, the
12   Ninth Circuit found a front label's use of the phrase "Nature Fusion" ambiguous, in that
13   "[u]nlike a label declaring that a product is '100% natural' or 'all natural,' the front 'Nature
14   Fusion' label d[id] not promise that the product is wholly natural." See id. at 1098. Here,
15   the front label's statement, "fruit naturals," like the label considered in McGinity, does not
16   "make any affirmative promise about what proportion of the ingredients are natural," see
17   id., and, as in McGinity, the Court finds such ambiguity can be resolved by reference to
18   the back label,[6] which clearly discloses the inclusion of multiple synthetic ingredients (see
19   Decl. of Erik K. Swanholt, Exs. A, B, Dkt. No. 31-1 (images of Peach Chunks' and Mango
20   Chunks' back labels, with citric acid, potassium sorbate, and sodium benzoate listed as
21   ingredients)).[7]

---

[6] In the FAC, Bryan makes reference to the Products' "ingredients label" (see FAC ¶ 51), and both parties, in their respective briefing, rely thereon. See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998), as amended (July 28, 1998) (holding "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies").

[7] Although, as Bryan points out, the Court, in its previous order, found "the ingredient list's inclusion of synthetic ingredients d[id] not support dismissal of Bryan's claims," see Bryan v. Del Monte Foods, Inc., 2023 WL 4758452, at *6 (N.D. Cal. July 25, 2023), Del Monte's earlier argument was based primarily on the front label's inclusion of the phrase "packed in light syrup," which Del Monte argued, unconvincingly, "specifically disclaims that all ingredients in the Products are natural," see id. at *5. In any event, the

4

In her opposition, Bryan, citing Souter v. Edgewell Pers. Care Co., 2023 WL 5011747 (9th Cir. Aug. 7, 2023); see id. at *2 (noting "[t]he ordinary reasonable consumer has 'very little scientific background'"), argues that "[t]he ordinary reasonable consumer is not aware of an ingredient's status as synthetic or natural based solely on the ingredient's name" (see Pl.'s Opp'n at 6:3-6). Souter, however, did not address a reasonable consumer's understanding of synthetic ingredients, but rather, such consumer's "scientific wherewithal to discern which pathogens can and cannot be killed by handwashing." See Souter, 2023 WL 5011747, at *2 n.2 (considering label's representation as to hand wipes' efficacy). Bryan points to no case wherein a court has held any consumer, let alone one concerned about synthetic ingredients, would not be able to distinguish a synthetic ingredient from a natural ingredient.

Moreover, "[g]eneral knowledge and common sense" may serve to "inform the reasonable consumer considering a product." See Robles v. GOJO Indus., Inc., 2023 WL 4946601, at *2 (9th Cir. Aug. 3, 2023) (holding "reasonable consumer would not expect [low-cost hand sanitizer] to kill germs . . . that are not found on the hands"). Here, as Del Monte notes, Bryan does not allege there are "any comparable single serve fruit products available on the market that do not contain any artificial sweeteners or preservatives." (See Def.'s Mot. at 7:20-21.)

Lastly, the publicly available consumer surveys on which Bryan relies do not save her claims. Those surveys do not address a consumer's understanding of the noun "naturals" used as part of a product's name, as is alleged here, but, rather, appear to address a consumer's understanding of the word "natural" used as an adjective to describe a product. (See FAC ¶¶ 39-40); see also McGinity, 69 F.4th at 1099 (declining to consider survey that "d[id] not adequately address the primary question in th[e] case"); Becerra v. Dr Pepper/Seven Up, Inc., 945 F.3d 1225, 1231 (9th Cir. 2019) (holding

---

Court has the "power to revisit, revise, or rescind an interlocutory order prior to entry of final judgment in [a] case." See In re Sony, 758 F. Supp. 2d at 1098 (internal quotation and citation omitted).

"survey cannot, on its own, salvage [plaintiff's] claim" where survey "does not address [relevant] understanding").

In sum, the Court cannot say that the front label is "unambiguously deceptive," such that Del Monte is "precluded from insisting that the back label be considered together with the front label," see McGinity, 69 F.4th at 1098, and Bryan has not plausibly alleged that the Products' front label, as clarified by the back label, would mislead a reasonable consumer into thinking that the Products contain no synthetic ingredients.

Accordingly, the FAC is subject to dismissal for failure to state a claim. See Robles, 2023 WL 4946601, at *2 (affirming dismissal where plaintiff "never plausibly allege[d] that the [front label] claim, as clarified by the back label, [wa]s false or misleading"); Steinberg v. Icelandic Provisions, Inc., 2023 WL 3918257, at *1 (9th Cir. June 9, 2023) (affirming dismissal of complaint that "fail[ed] to allege that the product's front label would deceive a reasonable consumer to believe that the product is manufactured in Iceland" where back label "state[d] that the product is manufactured in New York").

Although Bryan seeks leave to amend whatever claims may be found deficient, she provides no elaboration in support thereof, either as to any new allegations or other potential additions, and, accordingly, such request will be denied.

**CONCLUSION**

For the reasons stated above, Del Monte's motion to dismiss the FAC is hereby GRANTED, and the FAC is hereby DISMISSED without further leave to amend.

**IT IS SO ORDERED.**

Dated: October 19, 2023

MAXINE M. CHESNEY
United States District Judge